---

GOUVERNEUR and wife *vs.* THE MAYOR, ALDERMEN and COMMONALTY OF THE CITY OF NEW-YORK, and others.

The 186th section of the act of April, 1813, relating to the city of New-York, does not authorize the collector to levy the assessment upon property found on the premises, unless it belongs to the person who was the owner or occupant of the premises at the time the assessment was made; and if it belongs to such owner or occupant, it is not necessary to distrain it on the premises.

The property of a subsequent occupant cannot be sold under the warrant of the corporation, although he is bound by a covenant with the owner of the premises to pay the assessment.

Where there is a remedy given both against real and personal estate, for the satisfaction of taxes and assessments, as a general rule, the remedy against the personal estate should be first exhausted, unless there is some specific and controlling equity to make it proper to proceed against the real estate in the first instance.

Where the lessee and occupant had ·covenanted to pay all taxes and assess- **1831.**
ments on the premises, and the corporation were informed thereof by the
landlord, and requested to direct the assessment to be collected out of the  Gouverneur
personal estate of the lessee, which they refused to do, without any reason-  v.
able grounds for such refusal, they were enjoined from proceeding against  TheMayor&c.
the property of the landlord, or from selling the real estate for the as-  of N. York.
sessment.

THIS was an application for an injunction.  The bill stat-  June 21st.
ed, among other things, that the father of Mrs. Gouve-
neur, one of the complainants, leased the Bank Coffee
House, in the city·of New-York, to the defendant Niblo,
for the term of five years, from the first of May, 1827;
that the lessee covenanted to pay the rent, and all taxes
and assessments whatsoever, ordinary and extraordinary, im-
posed upon the premises during the term; that the lessor died
in May, 1829, leaving Mrs. Gouveneur, his only child; that
the premises descended to her as his heir at law; and that the
.defendant Doran was in the actual occupation of the premises,
as the assignee of the lease.  The bill further stated that in
May, 1830, an assessment of $650, for the widening of Wil-
liam-street, was imposed on the premises, which, by the
terms of the lease, Niblo and his assigns were bound to pay;
that the time for payment expired in July last; that the les-
see and his assignee have neglected to pay the assessment,
although frequently requested so to do; and that the collec-
tor has called on the agent of the complainants, and threat-
ens to sell their interest in the premises for the payment of
the assessment; that the personal property of Niblo and his
assignee on the premises is more than sufficient to pay the
amount of the assessment, and that the corporation might col-
lect the assessment out of such personal property, if they were
disposed so to do; but that they had refused to do so, although
the complainants applied to them by petition to collect their
assessment before the property should. be removed from the
premises, or to discharge their lien on the property of the
complainants.  That Niblo the lessee, and Doran are men of
slender circumstances as to property, and that the complain-
ants are apprehensive they will lose the amount of the assess-
ment, if they, by payment of the same, discharge the lien on
the personal property on the premises, or if Niblo and Doran

1831.

Gouverneur
v.
TheMayor&c.
of N. York.

are permitted to remove the said property from the said premises. The chancellor having directed notice of the application to be given to the defendants, the case was argued by

*F. Philipse*, for the complainants, and

*J. Tallmadge*, for the defendants.

THE CHANCELLOR. There can be no doubt of the complainant's equitable claim to have the assessment collected out of the personal property of the person who was the lessee and occupant of the premises at the time of the confirmation of the report of the commissioners. And it is a general principal of equity that where the creditor has a remedy against two distinct funds, to enforce payment of his debt, and there is a plain and manifest equity in favor of the owner of one fund to have the debt collected from the other, the creditor shall resort to the fund which is properly chargeable with the payment as between the owners of both. This principle was asserted and enforced by Chancellor Sandford, in the case of *The York and Jersey Steam-boat Ferry Company* v. *The Association of the Jersey Company*, (I Hopk. R. 468.) It was doubted by Chancellor Kent. in *Hays* v. *Ward*, (4 John. Ch. R. 131,) whether the creditor could be compelled to exhaust his remedy against the fund which was equitably chargeable in the first instance. And in *Woolcocks* v. *Hart*, (1 Paige's R. 185,) it was subsequently decided, that if the remedy against that fund was either doubtful or difficult, and the creditor was willing to give to the party standing in the place of a surety the full benefit of the lien on the first fund, the creditor would not be restrained from collecting his debt. Yet neither of those cases conflict with the equitable principle before stated.

The complainants, in their petition presented to the common council, seem to suppose that the assessment is a specific lien, or that it may be enforced against the goods and chattels, either of the lessee or of his assigns, provided such goods or chattels are found on the premises. I have examined the 186th section of the statute, to which

I was referred on the argument of this motion, (2. R .L. 1813, p. 420,) but find nothing there which renders it necessary to distrain the property *on the premises*, or which gives any authority to levy on property found thereon unless it actually belongs to the person who was the occupant of the premises at the time the assessment was imposed. If the common counsel therefore have refused to issue their warrant to collect the assessment out of the personal property of the occupant, by which such assessment is unjustly charged upon the land, I do not know of any principle of equity that will authorise the court to restrain the tenant from removing from the premises property on which no person has yet acquired any specific or equitable lien. It is not even stated in the bill that Doran was the occupant of the premises at the time this assessment was made. If such was not the fact, although he may, as assignee of the lease, be liable on the covenants contained therein, yet his property cannot be seised on the warrant issued by the common counsel. So much of the application therefore as seeks to restrain the defendants Niblo and Doran from disposing of their property, or from removing the same from the premises, must be denied; and the temporary injunction heretofore issued is dissolved.

It is a very general principle introduced into our laws that in cases of assessment and tax upon property, where there is a remedy given against both real and personal estate to collect the amount thereof, the remedy against the personalty shall be first exhausted; unless there is some specific and controlling equity to make it proper to proceed against the real estate in the first instance. In this case, after the corporation had distinct and legal notice of the complainants' equitable rights, it was their duty to endeavor to collect the assessment out of the property of the person who was the occupant under the lease, by assignment or otherwise, at the time the assessment was made. Although they have had distinct notice of this application, they have shown no excuse whatever for refusing to adopt a course which was so manifestly equitable, and which would probably have insured the payment of the assessment as soon, if not sooner than it could

1831.

Gouverneur·
v.
TheMayor&c.
of N. York.

<div style="margin-left:2em">

1831.

Verplanck
v.
Mercantile Ins
Co. of N. Y.

</div>

have been collected in any other way. They must therefore be enjoined from collecting this assessment, either from the complainants, or by a sale of their property, until they have fully answered the bill; and until the further order of the court.