Judge Marshall
delivered the opinion of the Court.
Judge Ewihg had not taken his seat when the cause was heard.
Silas Mallett, as administrator of Zachariah Mallett, deceased, filed his bill against James De Wolf and others, as share-holders in the Hope Distillery Company, incorporated by an act of 1817 — alleging, that his intestate had obtained a judgment against said company for thirteen hundred and sixty seven dollars, with interest from the first day of October, 1821, which had abated by his death, and that the corporation being dissolved, and the share-holders dispersed, some of them being non-residents, there was no mode of regularly reviving the judgment, praying that the share-holders, who were defendants, should be decreed to pay the amount, with interest, &c. and that other defendants; *215 who were residents of Kentucky, and indebted to De Wolf, might pay the debt to the complainant.
De Wolf, who alone of the principal defendants, answered the bill, denied that he owed the complainant any thing, and alleged that, if any judgment had been obtained, as stated in tire bill, it was fraudulent and void, and recovered by collusion between Mallett and others. But there being no proof of these allegations, and the record of a judgment regularly entitled “Zachariah Mallett vs. the Hope Distillery Company,” having been exhibited, a decree was rendered for the full amount, with interest, according to the prayer of the bill.
By the opinion of this court, rendered at the October term 1829, (see 4 J. J. M. 401,) this decree was reversed, for want of proper parties; and all the shareholders, or their representatives, having been made defendants, and a similar decree having been agáin rendered, the defendants have appealed to this court, for a second reversal.
Before the decree was rendered, the infant heirs of Buggies Whiting, deceased, who had been a share-holder in the company, answered by their guardian ad litem, denying, in á more specific manner than De Wolf had done, the validity of the judgment as' against the corporation, and the existence of any debt to Mallett.
The additional record, which is now brought up, contains at large an exemplification of the proceedings in the action at law, which terminated in the judgment set up in the original bill. An inspection of these proceedings has brought the Court to a very different conclusion in regard to the justice of the decree, from that intimated in the former opinion, delivered when the process and orders in the action at law were not contained in the record. As the case then stood, Mallett appeared to have a judgment against ‘the Hope Distillery Company,’ which he was seeking to revive and enforce against its individual members, by the aid of a Court of Equity. As the case now stands, if he appears to have a judgment at all, it is only against two members of the company — of whom one is a resident ,of the state, and the other is not alleged to have any debt or other *216 property in the state, which the complainant seeks to subject to his demand; and the effect of the decree, as rendered, would be, to make all the share-holders liable uPon the faith of that judgment, without enquiry into the justice of the original claim.
None are parties to suits at law or in chancery, but there has-been service of process stractive1 °and those who have pearance^on tíié record. _ When as^to^vtepersons are included by the common commencement fifin^pleM^^ cthis° day came £ determined by return,0<and entries of appear-the record/^ °n
None can be considered as parties to a suit at law or . t ... m chancery, but such as have been served with process, actual or constructive, or such as waive the service of process by appearance in court; and it is the settled rui° °f this Court, to consider the general entries upon the record, stating the appearance and pleadings of the defendants, as referring to those defendants only who have been served with process.
The case before us demonstrates the propriety of this rujc and demands its application. The record of the . _ 7 . . A A , . . •, action at law, which was by petition and summons, sh°ws that it was brought upon a note dated the 1st of October, 1821, and signed — “Hope Distillery Company— Per $imeon Goodwin, Agent.” The summons issued against ‘the Hope Distillery Company,’ and the return °f the officer states it to have been executed on “Simeon S. Goodwin, agent of said Company” and “Buggies Whiting, stock-holder of said Company.” There were other stock-holders, as is shown by the present bill; but there was no further service of process; and it does not in fact appear, in either record, whether the company existed at that time in an organized form, or not. In the suit at law, the company was sued by its corporate name; of course, the same name is kept up in the title of the suit, and the style of the record. But the entries of the appearance and pleading of the defendants by attorney, are in the usual form, and the judgment follows against the defendants, without any thing in its own import, or in that of any previous order or entry, to show that ‘the defendants' were any others than those on whom the summons had been actually executed— unless the style of the record can be construed to enlarge or vary the effect of the entry of appearance, or unless the service of process upon two private corporators can be considered as sufficient service upon the corporation to make it a, defendant, and thus a party to *217 the record. But, “as the writ was returned executed on only two, the legal construction of the style of the record is, that those two (who alone were defendants) appeared.” Violet &c. vs. Waters, 1 J. J. M. 304. Moreover, the corporation being an individual, the entry that the defendants appeared and filed a plea, does not import an appearance on the part of the corporation, unless, by reference to the process and return, it should appear, that the corporation was actually a defendant by service of process. The various constructions that have been placed upon the words, “defendant” and “defendants,” so as to consider the entry as corresponding with the process, show, that the process alone and the return upon it, are looked upon as governing the question of who are the parties, if there be not a special entry showing the appearance of some one not served with process.
Process against a corporation is to be served upon the mayor, president, or other head officer — unJess the charter directs otherwise Service on private corporators, is no service on tlie corporation.
An action is incorporatmn-Dthe the process servshare-lmidersnamedintheretum; judgment against ‘the defendantsthis is no judgment against the corporation; and viewed as a judgment against the two share-holders, it is erroneous; and is no evidence of a debt against other share-holders; to them, at least, the original demand is open to every defence.
We come therefore to the question whether the return of the process in this case, shows that the corporation had been summoned. The answer to this question is, in our opinion, obvious. The statute incorporating ‘the Hope Distillery Company’ prescribes no peculiar mode of executing process upon it as a defendant. By the common law, with which the general practice in this country accords, a corporation, unless its charter direct otherwise, is to be summoned by executing process on its Mayor, President, or other head officer (1. Tidd’s Practice, 140) and we know of no law, or rule of practice, which authorizes it to be made a party by service on two private corporators. The corporation, therefore, was not a party to the record, and is not bound by the judgment.
If, as is alleged in the answer of the infant defendants, the corporation was dissolved when the proceedings at law were instituted, that circumstance cannot make the service of process upon two stockholders so operate *218 as to bring other stockholders before the court as parties, nor can it extend the judgment to any who were not parties by appearance or service of process. If, as is certainly true, it was erroneous .and wholly irregular to enter judgment against the two defendants individually, in a suit against the corporation, as it would also have been in a suit against individuals, without making any disposition of the case as to the other parties not served with process: this does not affect the question of fact as to who were actually parties to the record; nor does it affect the conclusion, to which we have arrived, that whatever may have been the effect of the judgment as to Goodwin and Whiting, it is not binding upon the other shareholders, can furnish no evidence of debt against them, and forms no sufficient basis for the action or decree of the Chancellor against them. Whether the judgment was binding upon those who were served with process, is not, and need not be, decided in this case. But as neither De Wolf nor any other stockholder who was not a party to the record in the action at law, is bound by the judgment, it follows that, Mallett’s demand against them, if he have any, occupies no better ground than if he had never brought the suit at law. They have the same right to contest his claim as if he had never obtained the judgment; and he, in asserting it against them, must rely, either upon the note, in which case they might deny the agency of Goodwin, !(as is done in this suit,) or plead to the original consideration of the note; or he must himself setup the original consideration; which would be open to dispute in various ways.
A party recovers a judgment against a corporation, or some of its members after it is dissolved, and dies; the share-holders, or are ' non-resiany efféctsofthe corporation in du^nonlresident share-holders by oi- equ;ty may take jurisdiction judgment, sub-effects, 2 ‘no effects in *e the non-residents
*218 But in this suit, he relies exclusively upon the judgment, and does not state or even exhibit the note, or any contract, as the basis of his claim. Of course, he is entitled to no relief against them, and his bill, as to •them, should have been dismissed.
The question then arises — to what relief, if any, is he entitled against Goodwin and the heirs of Ruggles Whiting, who are parties to the record and judgment?
He asks, first, to have the judgment revived in his name, as administrator of Z. Mallett, the plaintiff at *219 law, by a decree for the amount. There might have been ground for going into chancery for this. purpose, if the case had been, as it appeared to be when, formerly before this court, that , the judgment was. against a corporation • which was dissolved, and that debts' due by residents of this state to non-resident stock-holders of the company, were prayed to -be appropriated .to the payment of the judgment.. But no. such ground of equity is now shown, The judgment is against individuals-, of whom one seems to be a resident, against whom-the ■judgment may be revived by. scivc facias, at law; and although the others are non-residents, that fact-does not give the Court of Chancery, jurisdiction to revive the judgment, or decree, .the debt, unless the non-resident defendants have debts or other property-within the state, on which the Chancellor can act. And as it.is not alleged that the heirs of Ruggles Whiting have any species of property within the state, that ground, of-jurisdiction fails,
Where an exe„n estate, which does not belong estate sold, and levy and sale maybe quashed: cessity for an a^yeaI And° tho* relief, in such cauidersome^ckl cumstances — in the3 ju^i^ntpif nof void, is a^ho*1 submitted ^ not bind them in-^y ^coVporation of which they were members, is for far more than they could, in any mode, he made liable for, and has been returned satisfied, in whole or in part, by a sale of estate, levied on by mistake, when it did not belong to any defendant: it is held that the chancellor should not interfere, to relieve the plaintilf, as there is as much wrong in the judgnfont as there is in the proceedings on the execution. . . „........
But,.second, the .complainant, alleges,- that-an-execution which had been issued, on. the-judgment at law, had been improperly levied upon the'land of James De Wolf, junior, who was not a member of the • company, on the erroneous supposition that it was -the. land .oi J ames De Wolf, senior, who was a member, and who.,is,one of the defendants; and that the amount bid for the land, was credited on the execution; he prays, therefore, that the sale and credit be set aside, to which the purchaser, who was the plaintiff’s agent,- gives -his assent, and this was in .effect done, by decreeing the defendants .to pay the full amount of the judgment, with interest. Should the .Chancellor afford him this relief? . .
In the first place we answer, that the sale is itself void, both because, the land sold was not the property- of James De Wolf, senior, and because if it had .been, there was no judgment against him, and, under these circüm-stances, the return of the officer on the execution, can be set aside or amended, without resorting to a suit in *220 chancery for that sole purpose. And further, that although the Chancellor does, under some circumstances, afford this species of relief, there are reasons why he should not interfere in this case.
By the act incorporating ‘the Hope Distillery Company’ (Session Acts of 1816, page 55,) the share-holders are made liable for debts of the corporation in proportion to their interest in the company. From the complainant’s bill, it appears that the stock of the company consisted of twelve shares of five thousand dollars each, of which Goodwin held one, and Whiting four. They were therefore liable personally, as members of the corporation: one of them for one twelfth, and the other for a third part of this debt. But a judgment, which they cannot now reverse, and which was evidently supposed by themselves, and by the plaintiff, to have been rendered against the corporation, has been in fact rendered against them individually, for the whole sum: whereby the liability of each is greatly increased. The question is not merely, whether the Chancellor will withhold his aid from enforcing this exaggerated liability, accidentally incurred, under an erroneous judgment — but as by an accident or mistake of the plaintiff (if not by his wrongful act,) these defendants have, by reason of the credit on the execution, obtained an accidental advantage, which reduces their liability, and in some measure compensates for the former error against them; the question is, whether the Chancellor will interfere, and take from them this advantage, in order to subject them again toa demand greater than they justly owe. We think it would be contrary to the principles and practice of a Court of Equity to do so, and that the plaintiff must be left to free himself from this difficulty as he may.
The same reasoning applies to a similar prayer in the first bill which was filed, if the object of that prayer has not already been effected. We conclude, therefore, that the complainant is entitled to no relief in equity.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, with directions to dismiss the complainant’s bill, with costs.