WEBB *against* HANGER & WINSTON.

ERROR *to Chicot Circuit Court.*

Unless it appears affirmatively upon the record that the defendant was regularly brought into court, in accordance with the statutory provisions *regulating the mode* of bringing actions; or that he consented to proceed without process or notice, the court can exercise no jurisdiction over the subject matter.

This objection is valid at every stage of the cause, and cannot be cured by any subsequent proceeding.

Where the record states, in the judgment rendered, that "it appears to the satisfaction of the court that the defendant has had due notice of this motion" for judgment; the record does not show that he had any legal notice, either actual or constructive, of the proceedings against him.

A court cannot reinstate upon the record a judgment, the original of which has been lost or destroyed.

At the May term, 1839, of the Circuit Court of Chicot county, the plaintiffs in the court below, asked leave to reinstate on the record of that court a judgment at law previously obtained by him at the April term thereof in 1838, upon the ground that the original entry was lost or destroyed.    The record then recites " this day came the plaintiffs, by their said attorneys, and it appearing to the satisfaction of the court, that a judgment had been entered at the last April term of this court, which was begun and held on the first Monday after the fourth Monday of April, 1838, in favor of the said plaintiffs against the said defendant, for the sum of eight hundred and eleven dollars and fifty-three cents damages, being the amount of said bill of exchange, damages and interest up to the rendition of said judgment, together with four dollars protest fees, and costs of suit, and it appearing further to the satisfaction of the court that the record of said judgment has been lost or destroyed, and that the defendant has had due notice of this motion; therefore, on motion of the said plaintiffs, by their said attorney, it is ordered by the court that the said plaintiffs have leave to have their said judgment reinstated on the record of this court, and that they have execution herefor for the debts, damages, and costs, aforesaid, and that the said defendant be in mercy, &c."

ASHLEY & WATKINS, for plaintiff in error:

The matters assigned for error in this case, come within the rule established by this court at the July term, 1839, in several cases brought up from the Chicot Circuit Court, similarly situated to the present one.

Indeed, the plaintiff in error would labor under some difficulty in showing in this case any proper final judgment or decision to be complained of, were not the whole preceeding as vexatious as nugatory, and did it not expressly authorize the issuance of an execution upon some previous alleged judgment and carry with it by intendment the costs of that proceeding.

This reinstatement of the judgment, as it is termed, is clearly erroneous, chiefly because it sets every thing afloat, and as a precedent would be dangerous and oppressive in its tendency.

This proceeding is wholly nondescript: it is not an action of debt upon a judgment, nor a scire facias to revive a judgment; which last, however, it somewhat resembles, but it no where appears upon the record sent here, that a scire facias, or any notice in the nature of a scire facias, ever was served upon the plaintiff, or that any such judgment as the one proposed to be revived or reinstated ever was rendered.

Where the records of a court are lost or destroyed by accident in the absence of any legislative provision to guard against or remedy such a calamity, I can conceive of no mode by which a court can restore them to existence. In such cases a party plaintiff must individually suffer some vexation and delay. But clearly his remedy is to sue as it were entirely *de novo*, and by the same rule the defendant would not have it in his power to verify any plea of former recovery.

While the *lis pendens* is unsettled, where the cause of action in any manner depends upon a lost deed or other written evidence, by law, the loss of the instrument may be accounted for, and its contents established by parol testimony; but where the same controversy is rendered final in judgment, by a wise and ancient maxim of law, the record of that judgment is a thing of such solemnity and dignity, that it cannot be impeached or proven but by itself. Its destruction is never contemplated by law, its validity can only be rebutted by pre-

sumption of law arising from lapse of time, and its contents cannot be explained by any parol testimony short of tradition or immemorial usage.

DICKINSON, *Judge*, delivered the opinion of the court:

The plaintiff assigns as causes of reversal, that the defendant in the court had no legal notice of the proceedings against him, &c. 2nd. That the Circuit Court had no authority to reinstate the judgment. An objection was made on the part of the defendants in error that the judgment of the Circuit Court was not of a character which could be considered final. Whatever doubts we may have entertained upon the subject, the order for execution clearly shows that the Circuit Court considered their action final. Such being the fact, we consider it the duty of the court to look into the record and test the validity of its proceedings.

That it is indispensably necessary that the defendant should have had some legal notice, either actual or constructive, of the cause of action against him, or have waived it by his personal appearance, there can be no doubt or question; and it must be conceded that merely naming a person and styling him a party in the writ or pleadings alone, without giving notice of the proceeding, will not render a judgment valid against him. In the present case, Webb made no defence in the Circuit Court; nor, does it appear from the record, that he had any legal notice, either actual or constructive, of the proceedings against him; nor that he waived such notice by his voluntary appearance. It is a settled principle that unless it appears affirmatively upon the record that the defendant was regularly brought into court in accordance with the statutory provisions regulating the mode of bringing actions, (see *sec.* 3 *to* 13, *p.* 619, *Rev. Code,*) or that he consented to proceed without process or notice, the court could not exercise any jurisdiction over the subject matter. This objection is valid at every stage in the cause, and cannot be cured by any subsequent proceeding. And the rule, that want of notice is fatal, is uniformly sustained by all the authorites. See *Ormsby vs. Lynch, Littell's Sel. Cas.* 303; *Borden vs. Fitch,* 15 *J. R.* 121. The second assignment, that the court below could not rightfully reinstate on the record a

Webb *against* Hanger *and* Winston.

judgment the original of which was lost or destroyed, has been already decided in the case of *Webb vs. Estill,* at the last term, and as we think upon correct principles.

We are of opinion, therefore, that the judgment of the court below is absolutely null and void, and that the same ought to be reversed with costs.

The same decision was made in the case of *Pettit vs. Hanger &amp; Winston.*