The plaintiff declared in debt upon a Pennsylvania record. The declaration set out the judgment, in short, in the usual way, with a talitur processum; only averring that by certain proceedings in the District Court of the city and county of Philadelphia, a judgment to a certain amount was recovered at the suit of the plaintiffs, against JehuClark and Thomas Clark, defendants: "as by the record and proceedings thereof remaining in the said District Court more fully appears, a copy whereof duly authenticated, the plaintiff here in court produceth." The record of the District Court showed that the suit in which judgment was there recovered, was commenced by capias against Jehu Clark Thomas Clark, as partners. The writ, was returned "C. C. and B. B." On motion a Thomas Budd, a rule was laid on plaintiff to show cause of action *Page 64 
and why defendant should not be discharged on common bail. Affidavit filed and rule dismissed; and special bail entered by Thomas Clark alone. Affidavit of defence made by Thomas Clark. The declaration was filed against both defendants; and plea for both by "Thomas A. Budd, attorney for defendants." Depositions taken on both sides; the death of William Pritchett suggested; trial by jury, and verdict and judgment forplaintiffs for $485 45.
Wales. — To the original action, which was an action of debt on a judgment in the Court of Common Pleas of the city and county of Philadelphia, in the State of Pennsylvania, the defendant put in the plea of nul tiel record and fourteen other pleas, among which was a special plea that he was not served with process, and had no notice, and did not appear to the suit in Pennsylvania; to which the plaintiff demurred; and, on hearing the demurrer, judgment was given in favor of the demurrant on all the pleas but the ninth, (now the fourth,) on which judgment was given against the demurrer on the ground that the record of the Pennsylvania judgment was not set out in the pleadings, but merely referred to. The case went down and the Superior Court allowed the plaintiff to amend, after which the Court of Appeals gave judgment for the plaintiffs. But the plea of nul tiel record still remains untried, and the questions arising under that plea are now up.
1. Where the record shows an appearance in the suit below, the defendant is estopped in any other court in a suit on the judgment to deny his appearance. This was the decision of the Court of Appeals. [4 Harr. Rep. 280.] The question is now, whether the appearance of the defendant, Jehu Clark, is shown by this record.
A judgment of one of the States is of higher validity than a foreign judgment, being made by the Constitution of the United States of the same force in all the States as in the State where rendered. And the court is not to look beyond the record. If an attorney appears for the defendant, it is conclusive without service. Here is not only the return of the sheriff of C. C. and B. B., but the narr against both defendants; the appearance of both; plea for both; trial and judgment against both; commissions taken out for both. This is abundant evidence of the notice to and appearance of the defendant, Jehu Clark. [17 Ver. Rep. 320; 2Hill's Rep. 64.]
This question was in effect determined on the former argument, for the replication to the ninth plea denied the appearance by record, and brought it up. *Page 65 
The following cases, however, establish that the judgment itself is conclusive as to the appearance of the parties, and the proceedings previous to judgment need not be pleaded. [10 Pick. Rep. 1; 2 Burr. Rep.
(698; Collyer Part. 411; 12 Serg. Rawle 243; 5 Wend. Rep. 63; 5Johns. Rep. 300; 2 ib. 87; 2 Johns. Cases 350; 1 Pet. C. C. Rep. 157.]
Bates, jr. — The only question is, whether the record here presented supports the judgment on which this action is brought. The question of the effect of that record has been decided against us. We now deny that there is any record which supports the judgment. We deny that there is or ever was a judgment.
1. A judgment rendered against a person who has not been made a party to the action by service of process or voluntary appearance, is a nullity; unavailable for any purpose.
2. Such a judgment needs no reversal to avoid it. The want of process or appearance is not merely error, it is an absence of jurisdiction, and renders the whole proceeding void. This is not controverting the judgment; it is denying its existence. It is no judgment without jurisdiction. The want of jurisdiction makes it entirely void for any purpose whatever. [2 Pet. Dig. 537; 1 Pet. Rep. 340; 13 Pet. 511; 3Howard U. S. Rep. 750; 15 Johns. 121, Borden vs. Fitch; 11 Verm. Rep.
643-5; Day's Dig. 286, (59.)]
3. When the record of the original judgment fails to show the service of process or appearance, it cannot be presumed or intended. Unless the record show it the judgment is void. It is no judgment whatever. [6Wend. 447, 42, Shumway vs. Stillman; 13 ib. 407, Bradshaw vs. Heath; 3Wilson 279, Fisher vs. Lane; 11 Wend. Rep. 648; 7 Missou. Rep. 464; 2Ark. Rep. 124; 5 ib. 410.] I deny altogether the position taken that the proceedings below anterior to judgment need not be shown in an action on the judgment. The record must show the authority of the court to render judgment in the case, or there is no judgment.
4. The record of the judgment on which this action is brought, does not show either that Jehu Clark was served with process in the original action, or that he appeared to it in person or by attorney, or was in any way made a party to it. Taking the whole record together, it shows the contrary. If the defendant was not served with process, or in this case arrested on the capias, the court could not get jurisdiction of his person without some act of his submitting *Page 66 
himself to the jurisdiction. The plaintiff could not make him a party by accepting common appearance. The evidence of the arrest is C. C. and B. B., which may be cepi corpora and bail bonds, or cepi corpus and bail bond, referring to Thomas Clark alone. This return must be judged or by the rest of the record. [17 Serg. Rawle 453.] Then follows a rule on the defendant to give special bail; and the actual entry of special bail by Thomas Clark alone. This is conclusive that the sheriff's return of C. C. and B. B. had reference to Thomas Clark alone. What evidence does it afford that Jehu Clark voluntarily appeared in person or by attorney? He did not appear personally. Did Thomas Budd appear for him? Mr. Budd had first appeared in the case for one defendant; made a motion for. him; and an agreement in relation to executing commissions for one.
The only argument to show that Budd did appear for Jehu Clark, is the general entry by the clerk of the plea for defendants. A note of that kind by the clerk, which is contradicted by all the rest of the record, cannot avail over the record itself; and especially in a record containing as many evidences of carelessness and negligence as this does. The caption of the case is Pritchett and others vs. Clark and others, though there was but one plaintiff; and Mr. Brown is made the attorney for plaintiffs. The suit was commenced in 1830, and ended in 1836, and there is not a continuance on the whole record; there is a trial without reference to the plea or issue joined. Particularly in, Pennsylvania, the entry of an appearance for defendants could not make Jehu Clark a party. He could become a party only by filing special bail; or common bail on the express waiver by plaintiff of special bail. The declaring against him is not in Pennsylvania a waiver of special bail. [2 Dall. Rep. 141; 1 Troub. Haly. Pr. 206.] Where the defendant has not been served with process, no appearance can be accepted or made for him, without a special entry that the attorney appears for him by name.
Such an entry as will give a clear remedy against the attorney if he appears without authority. [4 Hen. Munf. Rep. 293, 302, 362, (Va.) Moss vs. Moss' adm'r.; 3 Dana Rep. 214, (Ky.,) DeWolf vs. Mallett's adm'r.] The general entries on the record that the defendants appear or plead, c., have reference only to the parties served. A mere entry cannot make an appearance. [1 Howard Rep. 527, (Miss.,) Pettiman vs. Planters' Bank; 6 Pick. Rep. 232, Hall vs. Williams.] *Page 67 
5. The general authority of a partner to bind his co-partner is limited to the purpose of transacting the partnership business; and does not confer the power of submitting to arbitration, appearance to suits,c. [1 Holt. 141; 3 Eng. C. L. R. 54; ib. 50; 3 Bing. 101; 1 Peters 222; 1 Chitty 707; 18 Eng. C. L. R. 209, 96; 1 Wend. Rep. 211; 1 Watts Serg. 340.]
6. Even if a partner can bind his co-partner by his appearance, he must do so expressly, and in the case of capias he can do so only by filing special bail for both, otherwise his appearance, however general, will be restricted to himself. [2 Troub. Hal. Pr. 431; Colly Part.
44.]
7. If the paper produced as a record is a record at all, it varies materially from that declared on — 1. In the amount. The judgment declared on is for $487, and six cents costs; the record produced is the record of a judgment for $487; and $18 costs. The slighest variance in this matter is fatal, for it is matter of description. [1 Chit. Plead.
357; 4 Wend. Rep. 207.]
Bayard, for defendant. — The first question is, whether there is any record in this case; the second is, whether the record produced corresponds with the record declared on. A record which is a nullity is no record, and a judgment without jurisdiction is a nullity. Jurisdiction is of the subject matter, and of the person. A judgment recovered without a proper jurisdiction over the subject and the property, is not conclusive when sued on in another State, but nul tiel record is a good plea in any such action. As in all cases commenced by attachment of the property; no judgment can bind the person.
It is a well settled principle, founded as it is stated in general justice, that a judgment is a nullity unless the court has jurisdiction of the party by service of process or appearance; or of the property by proceedings which bind it.
If in a judgment in a case where the jurisdiction is founded on a seizure of the property the person will not be bound, and the judgment is a nullity as to the person, it must be that in an action without service of process or attachment of property, the judgment must be a nullity. The jurisdiction of the court giving judgment may always be inquired into. The case of Mills vs. Duryee has been qualified, and also Hampton vs. McConnell. [1 Peters' Rep. 340, Elliott vs. Piersoll; HowardU. S. Rep. 750, 762; 13 Peters' Rep. 511, Wilcox vs. Jackson; 13 ib.
412, 324, 326, McElmoyle vs. Cohen.] Before *Page 68 
examining whether there was any appearance here, I shall examine the position that one partner may appear for another. The authorities cited on the other side for this do not support it, and if they did they need support themselves, for it is against principle. The only ground on which one partner can do any act for another, is assent either express or implied. There is no authority for one partner to submit to arbitration for another. The dictum cited for it is Collyer Part. 411, which refers to Dampier arguendo; but referring to the remark of Dampier, 7 T. R. 208, it appears that he said no such thing. And the argument of Lord Kenyon in p. 210, as ruling that case, has precisely the same application against the right of one partner to appear for another.
Judge Duncan, in 12 Serg. Rawle 243, says it is now held that one partner may appear for another, and he cites 7 T. Rep. 208, per Dampier arguendo. That is a strange authority to speak of as a holding. Kent lays down the contrary as a principle in England and the United States, with the exception of Pennsylvania, and Ohio; but it is even doubtful as to Pennsylvania, notwithstanding the dictum of Judge Duncan; for the contrary seems to be recognized by the court in 1 Serg. Watts. 340; 11Eng. C. L. R. 50; 3 Bing. 101. One partner cannot bind another by submission to arbitration, even for matters arising out of partnership business. [1 Chitty's Rep. 707; 18 C. L. R. 209; 1 ib. 322; 18 ib. 96.]
But independently of the law there is nothing in the facts of the case or pleading which shows a partnership between these defendants. The allegation of the plaintiff that they are partners does not prove it. It might have been the very issue in the cause. If then the appearance of Thomas Clark could have charged Jehu Clark as a partner, the appearance must be as a partner to establish the partnership. Is there any thing to show the appearance of this defendant, to give the District Court of the city and county of Philadelphia jurisdiction? On the face of the record it appears from the very title of the court, that it is a court of special and limited jurisdiction; and it is well settled that in the records of such a court, the jurisdiction must be stated, or the judgment is not a record.
But concede that this is a court of general jurisdiction, the appearance must be plainly shown to give the jurisdiction. Even in England, where the record is but prima facie evidence in a suit upon it, this is required. Much more will it be required here, where such judgments are conclusive and binding; and most of all if this *Page 69 
court holds to the opinion expressed on a former argument of this cause, that the statement on the record cannot be controverted. If the dangerous doctrine be established that an appearance when stated on the record cannot be denied; will not this court also require that such appearance shall be plainly stated and not merely made out by argument or supposition. [9 East. Rep. 192.] As to the idea that a judgment may be pleaded without the narr. or previous pleadings, it is perfectly well established in our practice that it cannot. And the cases cited when examined do not support the principle.
Does the record show an appearance? Appearance must be an act. On a capias the appearance must be by putting in special bail, unless the other party at his request waives the special bail and consents to take an appearance on entering common bail. In that case there must be an entry of the appearance of common bail and a discharge of the appearance bail. If a man be arrested on a capias and gives a bail bond, would the entry on the record of an attorney's name, discharge the obligation of the appearance bail? If C. C. and B. B. mean any thing that would show service of process upon Jehu Clark, it necessarily shows that he entered into a bail bond, and the record showing no special bail put in by him, there was no appearance. The marking of an attorney's name can never be an appearance for a defendant in an action commenced by capias, though it might be in a summons case; a party has the right to an attorney before appearance, as well as after. It is not, therefore, the marking of an attorney's name, but the act of giving special bail, that makes an appearance. The first act of Mr. Budd, the attorney, is to lay a rule to show cause why the defendant should not be discharged on filing common bail, and on the dismissal of this rule special bail was put in by Thomas Clark alone. The evidence up to this point is all against the appearance of Jehu Clark; and the only evidence presented on the record is the signature of Mr. Budd, as defendants attorney, though he afterwards signs himself "attorney for defendant." As to the commissions and depositions, they are no part of the record, though the evidence presented by them on this question is of the same doubtful character. [Hen. Munf. 293; 3 Dana's Rep. 213.]
Variance — fatal on two grounds. — 1. The amount of the judgment is different. 2. The question reserved in the Superior Court at the May term, 1840, under the plea of nul tiel record, was whether the record then in that court supported the plea. The record *Page 70 
now produced is certified under a subsequent date, with a plainly substituted leaf, containing the copy of the docket entries of the judgment in the District Court of Pennsylvania; and as we alledge, containing different entries from the former record. The plaintiff must fail unless he produces the record on which this question was reserved. He may claim, and possibly have, the right to obtain an additional record; and a changed record, if the clerk of the District Court would verify it by the seal of the court; but he must also take the consequences if the date of the newly certified record throws him out of court.
Wales, in reply. — It is a very strange position now taken by the defendants, that under the plea of nul tiel record the defence now set up of want of jurisdiction over his person can be insisted on. And that after he had pleaded the same matter to the judgment, and after the court had denied that, he is now at liberty to controvert the record of the judgment in the District Court. If this matter could now be presented under the plea of nul tiel record, why did they tender an issue in fact on the want of jurisdiction? What is to be tried under the plea of nul tiel record? Certainly nothing but the existence of the judgment declared on. It cannot be impeached. It is to "have full faith and credit" — the same faith and credit as it has in the District Court of the city and county of Philadelphia. This is the injunction of the constitution.
But the question itself is put to rest by the judgment already rendered by this court in the same case, and between these same parties, that this judgment cannot be attacked here on any ground, even for want of jurisdiction. Neither can a party on the plea of nul tiel record, take any objection to it which he might have availed himself of by plea. [11 Meeson Welsby Exch. R. 51, Cox vs. Brown.] Narr. on a judgment against A.; record produced shows judgment against A. and others; objected to for variance; non allocatur, for it should have been pleaded in abatement. The variance in this case in the amount of the judgment might have been brought up so as to be objected to, if instead of the plea of nul tiel record the defendant had craved oyer, set out the record, and demurred. Having omitted this, he cannot insist upon it under this plea. [1 Hill's Rep. 476; 1 Peters' Rep. 317.] But there is no variance in point of fact. The judgment is set out as it was rendered. It was not necessary to set out the costs. The narr. goes for the debt alone. [1 Chit. Pl. 347; 9 Johns. Rep. 81; 1 Cow. Rep. 309.] *Page 71 
But Mr. Bayard has discovered that the evidence of the District Court's judgment has been obtained since the issue on the plea of nul tiel record was made up and reserved for hearing, by a new copy of that record: to be sure it has, and a new one might be procured every day. This issue is not upon any copy, which is but the evidence of the judgment. The issue is on the judgment itself. A copy taken yesterday is as good evidence of the judgment as any other copy can be, if it is properly authenticated. Does this record show any appearance? It does, as has been heretofore so determined by this court. The attorney appeared for both defendants; pleaded for both; allowed a verdict and judgment to go against both. The commissions were issued for depositions in behalf of both defendants, and executed by the defendant's counsel here.
If it be true as the defendant insinuates, that Mr. Budd never appeared for him, and had no authority to appear for him, why has no application been made to the District Court for relief against the judgment on this ground? or why has no suit been brought against Mr. Budd for appearing without authority? The defendant is not without remedy or redress. He has abundant remedy in the court which rendered the judgment, and which would vacate it if it appeared that Mr. Budd had never appeared for this defendant; and full redress against Mr. Budd, if he appeared without authority.
Mr. Bates replied to the authorities cited, to show that a variance cannot be noticed on a plea of nul tiel record; that they were not cases of variance at all. He cited in reply 1 Chitty Plead. 481; 4 Wend. Rep.
207.
The Chancellor pronounced the judgment in favor of plaintiff, and delivered the opinion of a majority of the court orally; taking the same ground and supporting it by the same general reasoning, as was presented by him in the same case at June term, 1840. [3 Harr. Rep. 248.]
Judge Harrington dissented.