Anderson *v.* Wilson *et al.*

Filed Feb. 25, 1885.

---

No. 10,965.

ANDERSON *v.* WILSON ET AL.

PLEADING.—*Cross Complaint.*—*Process.*—As to co-defendants who are parties to a cross complaint, its filing is the commencement of a new action, and, for that purpose, it is a new pleading to enforce a separate and distinct right.

SAME.—*Requisites of Cross Complaint.*—While, in this State, it is not necessary, under the code, to pray process in accordance with the former chancery practice, but process issues as a matter of course on the filing of a complaint, yet the parties against whom relief is demanded must be clearly designated by name in the complaint as defendants. But as to matters of mere description and identification, many of the allegations of the original complaint may be referred to in the cross complaint, even if the original action has been dismissed.

JUDGMENT.—*Conclusiveness.*—*Collateral Attack.*—Where a court of general jurisdiction has cognizance of a matter in controversy, and of the parties, its decree is binding on all other courts, until it is reversed or set aside by some appropriate proceeding for that purpose. It can not be attacked collaterally. It is conclusive as to all matters therein embraced, including the findings as to parties before the court. There can be no judicial inspection behind a judgment or decree save by appellate power.

BANKRUPTCY.—*Effect on Pending Proceedings.*—*Jurisdiction.*—The fact, that a complainant or cross complainant is declared a bankrupt while proceedings are pending on his complaint or cross complaint, does not defeat the jurisdiction of the court.

MORTGAGE.—*Subrogation.*—*Presumption.*—A purchaser of land paying off a

mortgage thereon can not be subrogated to the rights of the mortgagee without the payment of the purchase-money. Such payment will not be presumed, but must be proved by him.

From the Tippecanoe Circuit Court.

*J. S. Scobey,* for appellant.

*W. C. Wilson* and *J. H. Adams,* for appellees.

MITCHELL, J.—The facts in this case, as they are set out in the amended complaint, are, briefly, that the appellant, in January and February, 1873, by two separate deeds acquired title to certain lands in Tippecanoe county from one Horn and wife, for the consideration of $4,500. At the time the land was conveyed it was subject to a mortgage, held by one Mayo, upon which there was due about $1,996, the payment of which the appellant assumed as part of the purchase-price. Prior to the conveyance, Horn and wife had executed a mortgage on the same land to secure an indebtedness due from Horn to one Vorhis for about $1,060. This mortgage was subsequent in date to the Mayo mortgage, and appeared to be satisfied and cancelled of record at the time of the purchase by appellant from Horn. Soon after the conveyance by Horn to the appellant, Mayo filed a bill in the Tippecanoe Circuit Court to foreclose his mortgage, making the Horns, Vorhis and the appellant parties defendants. While this bill was pending, the appellant paid off Mayo's mortgage, and his suit was dismissed; but a few days before the dismissal Vorhis filed a cross bill, setting up his mortgage and alleging that the cancellation and satisfaction appearing of record had been procured by fraud and without consideration, and asking to have it set aside, and for a decree of foreclosure.

It is charged in the complaint that Vorhis fraudulently concealed from the appellant the fact that he had filed a cross bill until after appellant had paid off the Mayo mortgage, which it is averred he paid off by the advice of Vorhis, who knew that the appellant at the time such payment was made had no knowledge of the filing of the cross bill,

and who represented that the payment of the Mayo mortgage would free the land from incumbrance.

It appears from the complaint that some time after the Mayo mortgage was paid off, process was issued and served on the appellant and the other defendants in the Mayo case, to answer the cross complaint of Vorhis, and that subsequently a decree was entered, the appellant having made default, setting aside the cancellation of the Vorhis mortgage, and foreclosing the appellant's equity of redemption in the land. Still later, the land was sold by the sheriff to William C. Wilson and Jay H. Adams to satisfy the decree so rendered in favor of Vorhis. Wilson and Adams were made parties below, it being averred that they were the attorneys of Vorhis, and had knowledge of the facts imputed to him.

The relief which the appellant asks in his bill is: 1. That the decree in favor of Vorhis be declared junior to the Mayo mortgage, which the appellant paid, and that the appellant be subrogated to the rights of Mayo, and that Vorhis be decreed to pay the appellant the amount which was paid by him to satisfy the Mayo mortgage, with interest. 2. That the decree in favor of Vorhis be declared fraudulent and void.

The court sustained a demurrer to the complaint.

It is contended by counsel for the appellant, that the decree rendered on the cross complaint of Vorhis was void, because no summons was issued on it until after the dismissal of the original action. The argument is, that the filing of a complaint is not the commencement of a suit, and that the suit by cross complaint was not commenced until a summons was delivered to the sheriff, and that this not having been done until after the original action was dismissed, it was necessary that there should be a new complaint making new parties, and that because this was not done the decree which followed was a nullity. Conceding counsel's premise, that neither an action, nor cross action, can be said to be pending until process is served, it does not follow that when process

does issue, and a decree is given, against parties duly summoned, all the proceedings including the decree are invalid and void.

The proceeding before us is one in which a decree of the circuit court is subjected to a collateral attack, and it is conceded that unless that decree was invalid and void, the appellant has no ground to complain of the ruling of the court below.

Filing a cross complaint was substantially the commencement of a new action by Vorhis against his co-defendants, and the complaint was, for that purpose, a new pleading to enforce a separate and distinct right. *Meredith* v. *Lackey,* 16 Ind. 1; *Fletcher* v. *Holmes,* 25 Ind. 458.

The decree which was rendered on the cross complaint is assailed on the ground that no parties are named in the cross complaint; that it does not name the court in which it is filed, and that the appellant is nowhere named in the bill.

A copy of the cross bill is made part of the amended bill in this record. Its caption is as follows: " Henry S. Mayo *v.* John Horn *et al.* No. 2586. Ambrose S. Vorhis, one of the defendants in the above entitled cause, by way of answer and cross complaint against all his co-defendants, says," etc. After setting up the note and mortgage executed to him by Horn and wife, and the cancellation of the mortgage of record, and the supposed causes which entitled him to have the cancellation of the mortgage set aside, it concludes with a prayer for a decree setting aside the release entered by him, and for judgment and the foreclosure of the mortgage, " and that the claim of this defendant be found prior to all liens and claims of all parties hereto, and other proper relief."

In chancery pleading, it was a rule almost universal, that no persons were considered defendants except those against whom process was prayed. Barbour Parties to Action, p. 450; Story Eq. Pl., section 44.

In *Verplanck* v. *Mercantile Ins. Co.,* 2 Paige, 437, it is said,

in substance, that no persons are considered parties defendants in a bill in chancery except those against whom process is prayed, or who are specifically named and described in the bill. And in *Elmendorf* v. *Delancey*, 1 Hopkins, 555, Chancellor SANDFORD said: "When it is uncertain who are complainants, or who are the persons called to answer, the suit is fundamentally defective; and if the parties are not clearly designated, it is the fault of him who institutes the suit." See, also, 1 Daniell Ch. Pr., p. 286.

In the case of *De Wolf* v. *Mallett*, 3 Dana, 214, it was held that the process alone, and the return upon it, govern the question of who are parties, and as, under our code, process issues as a matter of course, upon the filing of a bill or complaint, no prayer for process is necessary in the bill, and, consequently, the omission of the names of the defendants in the prayer of the bill is of no consequence. It is necessary, nevertheless, that the persons against whom relief is demanded must be designated in the bill by a clear statement of their names, and no person can be deemed a party defendant to a bill except such as are therein specifically named and described as defendants. *Talmage* v. *Pell*, 9 Paige, 410; *Green* v. *McKinney*, 6 J. J. Mar. 193.

In the case of *Winslow* v. *Winslow*, 52 Ind. 8, this court held that an answer which asked affirmative relief was bad, because, as the court said, "it should have made parties thereto."

Conceding that, as an original bill, the cross bill was inherently defective for want of a specific designation of parties defendants, or the parties against whom the relief was asked, two questions yet remain: 1. Could the papers and the record in the original case in which the cross bill was filed be looked to in order to uphold the decree? and, 2. Even if this could not be done, the court having, by its process, acquired jurisdiction of the person of the appellant, and having jurisdiction of the subject-matter, will this court look to the com-

plaint, or anywhere behind the decree itself, when it is brought in question collaterally ?

It was held in *Gardner* v. *Fisher*, 87 Ind. 369, that while a cross complaint must be in itself substantially sufficient to maintain an action in favor of the cross complainant independently of the averments of the complaint, yet, for matters of mere description and identification, many of the allegations of the complaint in the original action may be referred to. And in *Sidener* v. *Davis*, 69 Ind. 336, it was said that notwithstanding the original action might be dismissed, the papers remained on file, and were subject to be referred to in support of averments in the cross bill.

The circuit court of Tippecanoe county is a court of general jurisdiction, in which the matters alleged in the cross bill were cognizable. It acquired jurisdiction by its process of the appellant, and having jurisdiction of the subject-matter and the parties, its decree is binding upon this and all other courts until reversed or set aside by some appropriate proceeding.

One of the inquiries which the court necessarily made before giving its decree against the appellant, was as to the parties over whom it had acquired jurisdiction and against whom its decree was to be given, and the decree having been given against him, it will be conclusively presumed that the court found he was a party against whom relief was asked. Whether the court decided correctly or not, is not before us. It is enough that it so decided.

As was said by BALDWIN, J., in *Grignon* v. *Astor*, 2 How. 319 : "There can be no judicial inspection behind the judgment save by appellate power," and, "If the jurisdiction of the court in a civil case is not alleged in the 'pleadings, the judgment is not a nullity, but though erroneous, is obligatory as one.' " And in *Thompson* v. *Tolmie*, 2 Peters, 157, it was said : "If the court had jurisdiction the purchaser is not bound to look behind the decree." *Ex Parte Watkins*, 3 Pe-

ters, 193; *Dequindre* v. *Williams*, 31 Ind. 444; *Million* v. *Board, etc.*, 89 Ind. 5; *Davidson* v. *Koehler*, 76 Ind. 398, and cases there cited; *Whittlesey* v. *Frantz*, 74 N. Y. 456.

The complaint before us does not bring this case within the doctrine of those cases where judgments have been set aside on account of fraud practiced in obtaining the judgment, and the suggestion made concerning the bankruptcy adjudication need not be further noticed. The fact that Vorhis, pending the proceedings on his cross bill, was adjudged a bankrupt, would not defeat the jurisdiction of the court.

Independent of all other considerations, we think the demurrer to the bill before us was properly sustained, for want of equity, even admitting that the decree which was rendered on the cross bill was nugatory.

By the facts shown in the bill, it appears that the appellant purchased the land in controversy for the consideration of $4,500. He assumed the payment of the Mayo mortgage, and whatever representations Vorhis made which induced him to pay it off, his payment of it was nothing more than the discharge of an obligation which he had already assumed.

It does not appear whether his deed from Horn contained covenants against incumbrances or not, nor does it appear that at the time Vorhis notified him by summons of his claim, to have the release of his mortgage set aside, he had paid the balance of the purchase-price of the land, nor, indeed, does it appear that it is yet paid. We can not presume that the purchase-money has been paid (*Anderson* v. *Hubble*, 93 Ind. 570; 47 Am. R. 394), and unless it has, the appellant has no equity which entitles him to be subrogated to the position of Mayo.

The judgment is affirmed, with costs.

Filed Feb. 12, 1885.