## SIDENER v. DAVIS.

PLEADING.—*Counter-Claim.*—*Copy of Contract.*—A counter-claim founded upon a contract which is the basis of the complaint may refer to such contract as that "of which a copy is filed with the complaint," without setting out an additional copy.

SAME.—In an action wherein the complaint contained several paragraphs, the defendant filed a paragraph of "answer, by way of counter-claim as to the matters    *    set forth in the third paragraph of    *    complaint, and set-off as to the residue thereof."

*Held* a counter-claim.

BILL OF EXCEPTIONS.—*Record.*—*Failure to Set Out Evidence.*—A bill of exceptions purporting to contain all the evidence contained a reference to documentary evidence not actually appearing therein ; but, after the signature of the judge, appeared copies of certain documents, accompanied by marginal notes stating the part of the record of the bill of exceptions wherein they should appear.

*Held*, that the bill of exceptions forms no part of the record.

From the Bartholomew Circuit Court.

*N. T. Carr* and *F. T. Hord*, for appellant.

*N. R. Keyes,* —— *Smith, R. Hill* and *J. W. Nichol,* for appellee.

BIDDLE, J.—Complaint by Sidener against Davis, in four paragraphs.

Answer by Davis in five paragraphs. Demurrer for want of facts, to the fourth paragraph of answer, overruled. Reply in four paragraphs. Motion to strike out fourth paragraph of reply sustained. Trial by jury. General verdict for defendant, for one thousand three hundred and fourteen dollars and eighty-eight cents. Answers to twenty seven interrogatories were returned by the jury, with the general verdict. Motion for judgment, in favor of the plaintiff, on the special finding, overruled. Motion for a *venire de novo* overruled. Motion for a new trial overruled. Judgment for defendant, on the verdict. Appeal to this court.

The assignments of error in this court are as follows:

1. Overruling the demurrer to the fourth paragraph of answer;

2. Striking out the fourth paragraph of reply;

35. Refusing to grant a *venire de novo;*

38. Refusing to grant a new trial;

39. Refusing to render judgment in appellee's favor, on the answers to the special interrogatories.

The remainder of forty-one assignments are merely causes for a new trial, and have no significance as assignments of error.

To present the questions in the case properly, it is necessary to set out the third paragraph of the complaint, which is in the following words:

" 3d. And plaintiff, for further cause of action herein, says the defendant, Jacob Davis, made and entered into a contract with this plaintiff, by which defendant agreed to sell and furnish this plaintiff six hundred head of hogs,

not to weigh, on an average, less than two hundred and fifty pounds per head, and was to deliver the same on or before the 10th day of December, 1873, for which the said Sidener was to pay the said Davis the market price for said hogs at the time of said delivery, which said contract was partly in writing and partly verbal; that the first written contract made between them, a copy of which is filed herewith and made a part hereof, marked 'Exhibit C,' was, on the 29th day of September, 1873, for a new and valuable consideration, to wit, one thousand five hundred dollars then in hand paid unto said Davis, so modified and altered by the said Sidener and the said Davis as to correspond with the contract of mortgage, a copy of which is filed herewith and made a part hereof, marked 'D,' so far as the same related thereto, and so far as to make the number of hogs six hundred head, and the time of fixing the price to be the 10th day of December, 1873; and that it should be further changed so that the weight of said hogs should be 250 lbs. gross, on an average, and the price should be for packing purposes; and plaintiff says he performed all his part and conditions of said contract, but says defendant failed to do so, in this, that he failed to deliver the six hundred head, and delivered only four hundred and forty-two head, and failed and refused to deliver hogs whose weight averaged 250 pounds per head, and delivered to this plaintiff four hundred and forty-two head of hogs, whose average weight was but two hundred and forty-two pounds, whereby plaintiff was damaged three hundred and fifty dollars. Wherefore plaintiff demands judgment for seventeen thousand dollars, and all proper relief."

The fourth paragraph of answer is in the following words:

"4th. For further *answer*, by way of *counter-claim* as to the matters and things set forth in the third paragraph of plaintiff's complaint, and *set-off* as to the residue thereof,

defendant says that he delivered to plaintiff, under the written contract, *of which a copy is filed with the complaint*, which contract was never changed, except in so far as to permit that plaintiff was to furnish defendant five thousand dollars and was to receive from defendant six hundred head of hogs, with which contract, as so changed, defendant has fully complied, but said plaintiff failed and refused to receive, to wit, two hundred head of said hogs, although the same were ready at the place of delivery and tendered by defendant to him, by which defendant was damaged in the sum of one thousand dollars; but defendant did deliver to plaintiff, under said contract, to wit, five hundred hogs, of the average weight of, to wit, two hundred and sixty pounds each, making the total weight, to wit, one hundred and thirty thousand pounds; that, by the terms of said contract, defendant had the right to take the price of said hogs under various terms and conditions, in different ways, as appears by *said copy thereof;* that defendant elected to take the price of hogs in Cincinnati, on the 31st day of January, 1874, and on the 29th day of November, 1873, he notified said Sidener, in writing, of such election, which gave him six dollars and twenty-five cents per hundred pounds, gross, less one dollar per head, and by the terms of said contract defendant was entitled to said sum, which made, to wit, seven thousand six hundred and twenty-five dollars, which was due from plaintiff to defendant, to wit, on the 1st day of February, 1874, and which still remains wholly unpaid. Defendant avers that said hogs were furnished in consideration, among other things, of the several sums of money advanced to him by plaintiff under said contract, as therein provided for, and that the same more than satisfied all claims for principal and interest in favor of plaintiff, under said contract. Wherefore defendant asks that so much of said sum of $7,625.00 and *said damages* of $1,000, as may be equal to said advances, be applied in satisfaction thereof, and offers to set off so

much of the remainder as may be equal to any sum found due plaintiff on account of indebtedness mentioned in the other paragraphs of his complaint, and demands judgment for the residue thereof, with interest."

In following the record, we have thus far called the above pleading an answer. It is, doubtless, an answer, in the generic sense of the word. Section 56 of the statute, in defining what an answer shall contain, states, 1, denial; 2, any new matter constituting a defence, counter-claim or set-off; 3, as many grounds of defence, counter-claim and set-off as the defendant shall have. Section 392 also recognizes a set-off or counter-claim as an answer in the general sense of the term. But the pleading we are considering, although an answer generally speaking, is specifically a counter-claim. It has every requisite of the statutory definition of a counter-claim, namely, " matter arising out of, or connected with the cause of action, which might be the subject of an action in favor of the defendant, or which might tend to reduce the plaintiff's claim or demand for damages." Section 59. The character of a pleading must be judged by the averments it contains, and not by the name which may happen to be given to it by the pleader.

The main objection made to the counter-claim by the appellant, on demurrer, is, that it does not properly make the contract upon which it is founded an exhibit, and refers us to the case of Campbell v. Routt, 42 Ind. 410, in support of his argument. If we look to the syllabus, and one or two sentences of the text, in that case, detached from its premises, they would seem to support the appellant's views. But in that case there was no reference in the counter-claim to the contract, to inform the opposite party or the court that it was founded on the same contract made an exhibit in the complaint. The court very properly decided that, for this reason, the counter-claim was subject to a demurrer; but it did not decide, if there

had been a reference in the counter-claim to the contract made an exhibit in the complaint, showing that it was also the foundation of the counter-claim, that, in such case, the counter-claim would have been insufficient on demurrer.

In the case before us, there is a plain reference to the contract, " a copy of which is filed with the complaint," showing that it is also the foundation of the counter-claim. The counter-claim does not use the word " exhibit," but the paragraph of the complaint to which it refers, and to which it is pleaded, defines it as marked " Exhibit C ; " and the reference to it in the counter-claim, as an " exhibit " in the complaint, we think, sufficiently makes it an exhibit in the counter-claim also.

We have often decided that, where several paragraphs of a complaint, or several paragraphs of an answer, refer to the same written instrument as the foundation of each, one copy of it is sufficient for all the paragraphs of the complaint, or for all the paragraphs of the answer; and we think, where a mutual contract between the plaintiff and defendant is the foundation of the complaint, and is properly made an exhibit therein by copy, that the same copy, by a proper reference, may also be made an exhibit in a paragraph of the answer. Two or more copies of the same instrument would not subserve the interests of the parties, nor promote justice between them, any more effectually than one, and would much encumber the record and increase the expenses of litigation.

If it should be said that, in case the plaintiff dismissed his complaint, and the defendant still desired to prosecute his counter-claim, then the counter-claim would be without its proper exhibit, to this it might be answered, that the plaintiff, if he should dismiss his complaint, can not withdraw the papers from the files without leave of the court, and the exhibit would still remain for the benefit of the counter-claim. It does not appear to us that any

inconvenience could occur in practice on this account, as the whole matter would at all times be under the proper care and supervision of the court.

The appellant also thinks the counter-claim insufficient, because, as he says, it is pleaded to the whole complaint and answers only a part. We do not think it is pleaded to the whole complaint. It expressly confines itself " to the matters and things set forth in the third paragraph of plaintiff's complaint." That it offers to set off what may be proved under it to the whole claim in the complaint, does not change the character of the pleading. Besides, a counter-claim need not be sufficient against the whole complaint. If it " tend to reduce the plaintiff's claim or demand for damages," it is good as far as it goes. We see no objections to the sufficiency of the counter-claim. The demurrer to it was properly overruled.

The appellant has waived the assignments of error numbered 2, 35 and 39, by failing to discuss them, or either of them, in his brief.

This brings us to the assignment of error numbered 38, namely, refusing to grant a new trial. The proper form of this assignment is, " overruling the motion for a new trial." The court would commit no error in refusing to grant a new trial, if the party had not moved for it. The error, therefore, consists in overruling the motion for a new trial. But this is merely a suggestion, the point not being made in the record. We are met, however, with a more serious question at this point. The questions in this case presented by the motion for a new trial can not be considered by this court, unless the bill of exceptions is properly in the record. This is the next question to settle.

We find copied in the transcript what purports to be a bill of exceptions, covering many pages, in which various notes, receipts, contracts, bills of lading, letters, and depositions are mentioned but not copied therein. After the formal closing of the bill and the signature of the judge,

these papers so mentioned are copied below in the transcript by the clerk, but have received no sanction by the signature of the judge. It is plain, therefore, that, although the bill of exceptions above the judge's signature states that it contains all the evidence given in the case, yet the unfilled blanks show that it does not. By section 343, it is made unnecessary to copy a written instrument or any documentary evidence into a bill of exceptions, "if its appropriate place be designated by the words ' here insert;' " but in this case there is no such place designated wherein the evidence should be copied, and no reference in the bill of exceptions to the evidence thus omitted in any other part of the transcript. There is no authority, therefore, in the bill of exceptions, by which the clerk can copy therein the omitted evidence. In the subsequent part of the transcript, where the omitted papers are copied, the clerk has indicated, by citing the page in the bill of exceptions, wherein they should have been inserted; but this is the act of the clerk, without authority of law for the authority of the judge given in the bill of exceptions. The statute authorizes a reference in the bill of exceptions to the paper evidence to be inserted, but not a reference in the paper evidence to the bill of exceptions wherein it should be inserted. Such a reference from a bill of exceptions to the evidence has the sanction of the law and the judge's signature, but the reference from the evidence to the bill of exceptions, merely by the clerk, is without authority of law.

We cannot hold the bill of exceptions in this case as properly in the record. Buskirk Prac. 106, 107; *Kimball v. Loomis,* 62 Ind. 201; *The Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *The Columbus and Indianapolis Central R. W. Co.* v. *Griffin,* 45 Ind. 369; *The State* v. *The President and Directors of the Peru and Indianapolis R. R. Co.,* 44 Ind. 351; *Burdick* v. *Hunt,* 43 Ind. 381; *Kesler* v. *Myers,* 41

Ind. 543; *Cluck* v. *The State,* 40 Ind. 263; *Stewart* v. *Rankin,* 39 Ind. 161; *Anderson* v. *Lane,* 32 Ind. 102.

The questions raised by the motion for a new trial not being in the record for the want of a proper bill of exceptions, there is nothing more before us to decide.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.