No. 10,521.

GARDNER v. FISHER.

| 87 | 369 |
| 149 | 605 |
| 87 | 369 |
| 158 | 310 |

DEMURRER.—*Defect of Parties.*—A demurrer for defect of parties must specify the parties omitted, else it will present no question.

PROMISSORY NOTE.—*Pleading.*—*Copy of Written Instrument.*—A cross complaint to obtain the cancellation of a promissory note need not set out a copy of the note.

SAME.—*Principal and Surety.*—*Contract.*—A cross complaint by a surety, to compel the cancellation of a note sued on, averred that the surety executed the note in connection with a contemporaneous contract in writing, by which it was agreed that the surety was to expend the loan for which the note was given in the erection of a certain hotel, whereupon the note was to be delivered up, and a note, and mortgage on the hotel to secure it, given by the principal debtor; that the money had been so expended,. and the new note and mortgage offered and refused. Answer, that there

was a mortgage on the hotel when the loan was made which the surety represented would be satisfied, which had not been done, and that the loan would finish the building, which it did not; that the lender, relying on these representations, made the loan and contract; that afterwards the surety persuaded the borrower, who had no property save the hotel, to make unnecessary and foolish expenditures on the building beyond its needs, which, before the mortgage was offered, had been secured upon the building by mechanics' liens, greatly exceeding, with the prior mortgage, the value of the property, and that, by foreclosure of the latter, the title of the principal had been divested.

*Held*, that the answer was insufficient.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

NIBLACK, J.—Action by Hiram Gardner against Samuel W. Dodge and Eden H. Fisher upon a promissory note executed by them and one William Dixon, since deceased, for the sum of fifteen hundred dollars, dated the 30th day of December, 1879, and payable at the residence of the said Gardner one day after date, with eight per cent. interest. A copy of the note was filed with, and made a part of, the complaint.

The defendants both appeared to the action and answered separately. Fisher also filed a cross complaint, alleging that the note in the complaint mentioned was executed by him and one William Dixon under the circumstances, and upon the following sole consideration, that is to say: The defendant Dodge was, in the summer of 1879, the owner of lots known as one (1) and two (2), in Rome City, in Noble county, and during that summer formed the plan of erecting a hotel building upon those lots; that not having sufficient means to erect and complete the proposed building, he applied to the plaintiff to advance him the amount of money necessary to enable him to proceed with the erection and completion of the same, such amount to be secured by a mortgage on the lots and building; that the plaintiff thereupon agreed to advance the requisite amount of money, to be treated as a loan to the said Dodge, but with the understanding that the money should be placed

in the hands of some third parties to be disbursed by them, so as the better to assure the plaintiff that the entire amount should be applied to, and used in, the erection of such hotel building, and to no other purpose; that the plaintiff and Dodge urged him, the said Fisher, and his co-obligor Dixon, to receive and take charge of the money so to be advanced, and to disburse the same in the erection of said hotel building; that he, the said Fisher, and Dixon finally, but reluctantly, consented to receive, take charge of and to disburse said money accordingly; that, to carry out the proposed arrangement and for no other purpose or consideration, he, the said Fisher, and Dixon signed the note herein sued on with, and as sureties for, Dodge, it being expressly agreed that the expenditure of money to be placed in their hands, in the erection of the hotel building, should operate as a satisfaction and discharge of all liability incurred by them when they signed the note; that at the same time, and as a part of the same transaction, an agreement in writing was entered into by all the parties, except Dodge, as follows:

" We, the undersigned, agree that a certain note dated December 30th, 1879, and signed by William Dixon, Samuel W. Dodge and Eden H. Fisher, for fifteen hundred dollars, and made payable to Hiram Gardner, at the rate of eight per cent., and payable at the residence of said Gardner: Now the said Fisher and Dixon are to expend this sum of money on the building now being built, situate upon lots Nos. 1 and 2, in Rome City, Ind. When the money is so expended, I, the said Hiram Gardner, am to deliver up to the said Fisher and Dixon this note described, and am to take a mortgage on said building to secure the same.

(Signed)       " HIRAM GARDNER.
                " EDEN H. FISHER.
                " WM. DIXON."

That said sum of fifteen hundred dollars was expended by him, the said Fisher, and the said Dixon for labor performed and material used in the erection of said hotel building; that

Dodge had executed a note for fifteen hundred dollars, and a mortgage on the lots and hotel building to secure such note, and had tendered the same to the plaintiff, but that he, the plaintiff, had refused to deliver up the note in suit; that Dodge still had the note and mortgage so executed by him ready to be delivered to the plaintiff. Wherefore the defendant Fisher prayed that the plaintiff might be required to deliver up the note described in his complaint, to be cancelled, and for all other proper relief.

The plaintiff demurred to Fisher's cross complaint:

1. For defect of parties plaintiffs.

2. For defect of parties defendants.

3. For want of sufficient facts to constitute a cause of action.

The court nevertheless held the cross complaint to be sufficient upon demurrer. The plaintiff then answered to the cross complaint in two paragraphs: *First.* Setting up special matter in defence. *Second.* In general denial.

The first paragragh averred that, at the time of the execution of the contract set out in the cross complaint the lots and building referred to were encumbered by a prior mortgage to one Charity D. Hale for $3,500.00, and that one Lucius N. Reed had performe l labor and furnished material for said building to the amount of $800.00, under a contract made in October of that year, for which he was entitled to a mechanic's lien under the laws of the State; that $700.00 of the prior liens on said lots was for unpaid purchase-money due thereon; that at and prior to the time of making the contract set up in the cross complaint Fisher and Dixon were the owners of large quantities of real estate in and adjacent to said village of Rome City, which was likely to be enhanced in value by the erection of a hotel in that village; that the said Fisher and Dixon urged him, the plaintiff, to loan said sum of $1,500.00 to Dodge, to enable him to complete the hotel building, representing that said sum would complete the building and that the prior mortgage to Charity D. Hale should be satisfied and released before the time would arrive

for him, the plaintiff, to take a mortgage on the lots and buildings to secure said proposed loan; that relying upon said representations he, the plaintiff, made said loan and entered into the contract with Fisher and Dixon concerning the same; that afterwards, on the 9th day of January, 1880, and before he offered to execute to the plaintiff a mortgage to secure said loan, Dodge entered into a new contract with Reed for additional labor to be performed and materials to be furnished in the erection of said hotel, of the aggregate value of $4,000, he, the said Dodge, having no other property than the lots and hotel building with which to secure the payment of said sum of money; that this last contract with Reed was made for the purpose of having the building extended and completed in an ornate, extravagant and luxurious style, thereby making it a larger and more expensive hotel than the business at Rome City required, and constituting a reckless expenditure on the part of Dodge; that Fisher and Dixon, well knowing the embarrassed financial condition of Dodge, and that he would never be able to pay his debts, but being anxious to enhance the value of their own real estate, urged and encouraged both Dodge and Reed to enter into said extravagant contract for the completion of said hotel; that, after the money for which the note sued on was given came into their hands, Fisher and Dixon paid Reed $800 of the amount for what was due him under his first contract for work and materials on the building, and applied the residue in part discharge of the last contract with Reed, leaving him, the said Reed, to rely upon his mechanic's lien on the lots and building for what might still remain due, which he had already declared his intention of enforcing; that the offer of Dodge to execute a mortgage on the lots and building in fulfilment of the stipulation contained in the contract, copied into the cross complaint, was made on the 26th day of February, 1880, and at that time nothing had been paid on the mortgage to Charity D. Hale, and the prior undischarged liens on the property, including unpaid taxes, amounted to more than $7,000, while

the entire property, estimating the building to be then completed, was not worth more than $4,500; that, consequently, any mortgage which Dodge might then have executed to the plaintiff would have been absolutely worthless as a security for the repayment of the money advanced upon the note; that the last named contract with Reed for additional work and materials upon the hotel building was made without the knowledge of the plaintiff, and was not anticipated by him at the time he entered into the written contract with Fisher and Dixon, otherwise he would never have signed the same; that the mortgage to Charity D. Hale has since been foreclosed and the mortgaged property sold to satisfy the debt it was executed to secure; that the time for the redemption from the sale has expired, so that Dodge's title to said property has been extinguished; that there is still due to Reed upon his mechanic's lien, which has been also foreclosed, the sum of $3,300, and to other lien-holders, $3,000, Dodge being wholly insolvent. Wherefore the plaintiff claimed that he had the right to refuse to receive the mortgage tendered to him by Dodge, and ought not to be required to surrender the note in controversy.

Fisher demurred to the first paragraph of answer to his cross complaint, and the court sustained his demurrer. The plaintiff thereupon dismissed his action, and also withdrew his answer in general denial of the cross complaint, and, declining to plead further, final judgment was rendered against him upon the cross complaint, requiring him to deliver up the note upon which his action was brought to be cancelled, and for full costs.

The appellant assigns errors upon the overruling of his demurrer to the cross complaint, and upon the sustaining of the appellee's demurrer to the first paragraph of his answer to that complaint, as herein above stated.

The argument against the sufficiency of the cross complaint is that both Dodge and Dixon ought to have been made parties to it, or that some lawful excuse should have been given for

not making them parties; and that this was so plainly appar-ent, upon a most casual reading of that pleading, that the first and second specifications of the demurrer to it raised the question of the defect of the parties, both plaintiff and de-fendant, without more specifically pointing out the defects in that respect; also, that it was substantially defective in not having filed with it a copy of the note which it demanded should be delivered up and cancelled.

The decided cases in this State go to the extent of holding that a demurrer for defect of parties must specify the particular omission which constitutes the alleged defect, in analogy to a plea in abatement which must furnish facts sufficient to en-able the plaintiff to obtain a better writ. *Fink* v. *Maples*, 15 Ind. 297; *Durham* v. *Bischof*, 47 Ind. 211; *Leedy* v. *Nash*, 67 Ind. 311.

The case of *Allen* v. *Jerauld*, 31 Ind. 372, is quoted as hav-ing recognized a different rule, but we do not so construe the opinion of the court in that case. A demurrer for an alleged defect of parties had been sustained in that action, but the name of the party who ought to have been joined was not specified in the demurrer. Without deciding whether the de-murrer was sufficiently specific, the court affirmed the judg-ment upon the theory that the record, taken as an entirety, disclosed that no injustice had been done to the appellant in holding the complaint bad upon demurrer.

While there may have been, and probably was, a defect of parties to the cross complaint in this case, the demurrer, fail-ing to specify who was improperly omitted as plaintiff and who as defendant, raised no question as to parties, either plain-tiff or defendant.

While it is true that a cross complaint must be substan-tially sufficient to maintain an action in favor of the cross com-plainant, independently of the averments of the complaint, yet in matters of mere description it may refer to and adopt some, and sometimes even many, of the allegations of the complaint, and this is particularly the case as to written in-

struments and copies of such instruments filed with the complaint and common to both pleadings. *Ewing* v. *Patterson,* 35 Ind. 326 ; *Pattison* v. *Vaughan,* 40 Ind. 253 ; *Maxwell* v. *Brooks,* 54 Ind. 98 ; *Branham* v. *Johnson,* 62 Ind. 259 ; *Sidener* v. *Davis,* 69 Ind. 336 ; *Shoemaker* v. *Smith,* 74 Ind. 71 ; *Crowder* v. *Reed,* 80 Ind. 1 ; *Cookerly* v. *Duncan, ante,* p. 332.

We, however, know of no rule of practice which requires a copy of a note to be filed with the complaint, where the object of the action is simply to have the note delivered up and cancelled. In such an action no judgment is demanded upon the note, and the note itself is presumably in the possession of the adverse party. The relief demanded being the reclamation or recovery of the note, a proper description of the instrument is all that is necessary, the proceeding being, in that respect, analogous to an action for the recovery of a specific article of personal property.

The cross complaint appears to us to have been sufficient upon demurrer.

There was nothing alleged in the special paragraph of answer, from which we can infer that the representations made by Fisher and Dixon, as an inducement to the appellant to make a loan to Dodge, were of a character upon which the plaintiff had a right to rely, or that Fisher and Dixon had such an interest in, or control over, the lots and hotel building as made them responsible for Dodge's mismanagement and extravagance in the erection of that building.

The mutual obligations of the written contract set up in the cross complaint were very simple indeed : Fisher and Dixon bound themselves to expend the money for which they had made themselves responsible upon the hotel building, and the appellant agreed that when the money should be so expended he would take a mortgage upon the property and surrender the note. No limitation upon the discretion of Fisher and Dixon in expending the money was imposed. There was no stipulation, either express or implied, that the property should be free from prior encumbrances, or that the mortgage which

the appellant was to accept would afford any security for the repayment of the money expended on the hotel through the agency of Fisher and Dixon. ·

There was, therefore, nothing shown by the special paragraph of answer which could have been rightfully construed as exonerating the appellant from his obligation to surrender the note when the money had been expended upon the hotel. The demurrer to that paragraph of answer was, in consequence, correctly sustained.

The judgment is affirmed, with costs.