Filed May 25, 1886.

---

No. 12,524.

## WADKINS ET AL. *v.* HILL.

PLEADING.— *Cross Complaint.— Written Instrument.— Exhibit.— Practice.—* Where a written instrument constitutes the foundation of a cross complaint, it must be filed as an exhibit or made part of the pleading by incorporation, except where it is exhibited with the complaint, and then it may be referred to in the cross complaint without again making it an exhibit.

From the Rush Circuit Court.

*J. A. New, J. W. Jones* and *D. S. Morgan,* for appellants.
*B. L. Smith, W. J. Henley, C. Cambern* and *T. J. Newkirk,* for appellee.

ELLIOTT, J.—The complaint of the appellants alleges ownership of land, and prays that the title may be quieted. The first paragraph of the appellee's cross complaint sets forth facts showing that an instrument executed by the appellants, although in form a deed, was in fact a mortgage, and asks that it may be foreclosed as a mortgage. There can be no doubt that the theory upon which this pleading is con-

:structed is that the instrument is a mortgage, and unless it is :good upon this theory the court erred in overruling appellants' demurrer. It is settled law that a pleading must be good on the theory on which it assumes to be constructed, or it will fall before a demurrer. *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13, and cases cited ; *Mescall* v. *Tully,* 91 Ind. '96, and cases cited. The question, therefore, is whether the :pleading is good as a cross complaint to foreclose a mortgage ?

A cross complaint which attempts, as does the one before us, to state a cause of action entitling the party to affirmative relief, must be tried by substantially the same rules as a complaint. *Conger* v. *Miller,* 104 Ind. 592. The general rule respecting the filing of instruments which constitute the foundation of a cross complaint or counter-claim is, that they must be filed with the pleading as an exhibit or made part of it by incorporation. *Campbell* v. *Routt,* 42 Ind. 410; *Brown* v. *State, ex rel.,* 44 Ind. 222. There is an exception to this general rule, for it has been held that where the instrument is fully exhibited in the complaint, it may be referred to in the cross complaint without again making it an exhibit. *Pattison* v. *Vaughan,* 40 Ind. 253 ; *Sidener* v. *Davis,* 69 Ind. 336 ; *Crowder* v. *Reed,* 80 Ind. 1, *vide* op. p. 4; *Cookerly* v. *Duncan,* 87 Ind. 332 ; *Gardiner* v. *Fisher,* 87 Ind. 369 ; *Anderson* v. *Wilson,* 100 Ind. 402.

While we recognize this exception to the general rule, we can not hold the counter-claim before us to be within the exception, for the reason that it does not refer to the deed set forth in the complaint as the one upon which it is founded. On the contrary, it assumes to proceed on a different instrument, and professes to make it an exhibit. The case is, therefore, within the rule declared in *Campbell* v. *Routt, supra,* which is distinctly approved in *Sidener* v. *Davis, supra.* Had the counter-claim directly referred to the instrument set forth in the complaint as the one upon which it was founded, then the case would have been within the rule declared in *Sidener* v. *Davis, supra,* and kindred cases ; but, so far is it from do-

ing this, that it professes to be founded on a distinct and different instrument.

It is to be regretted that the trial courts are often led into error through no fault of their own, by the omission of pleaders to actually make exhibits instruments which they profess to file with the pleadings; but the statute upon this subject is imperative, and we can not disregard it. The error in overruling the demurrer to the first paragraph of the cross complaint requires a reversal, and we think it unnecessary to decide the other questions discussed.

Judgment reversed.

Filed June 1, 1886.