Filed Sept. 21, 1886.

———◆———

No. 12,501.

## SPENCER ET AL. *v.* McGONAGLE.

PARTITION.—*Question of Title.*—Ordinarily, an action for partition does not present the question of title for adjudication, but the pleadings may be so framed as to present that question.

SAME.—*Pleading.—Theory.—Specific Facts Control General Averments.*—Where a plaintiff undertakes to set forth the facts which constitute his title, he will fail unless they are sufficient to give title on the theory on which

the pleading proceeds, as the specific facts will control, and not the general averments.

DESCENT.—*Partition.—Sale by Commissioner.—Purchase by Widow.—Subsequent Marriage.—Conveyance to Second Husband.—Consideration.*—A widow who purchases at commissioner's sale, under partition proceedings, land of which her husband died seized, takes by purchase, and not by descent; and where, after a second marriage, she conveys to a third person who conveys to her husband, no consideration being paid, and he dies seized of the land, it will go to his heirs, and not to the heirs of the first husband.

DECEDENTS' ESTATES.—*Erroneous Order Vesting Entire Estate in Widow.— When Conclusive.—Collateral Attack.*—An order of the common pleas court, having jurisdiction, vesting the entire estate of a deceased husband in his widow absolutely, instead of in her in trust for minor children, as required by the statute in force at the time (1 R. S. 1876, p. 411, section 19), while erroneous, was not void, and it will stand as against a collateral attack.

From the Adams Circuit Court.

*R. S. Peterson, E. A. Huffman, B. Harrison, W. H. H. Miller* and *J. B. Elam,* for appellants.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellee.

ELLIOTT, J.—The appellants' complaint asserts title to an undivided interest in real estate and prays that a decree of partition be made severing the interests of the owners.

The cross complaint of the appellee asserts title to the whole of the land in controversy, and pleads specially the facts upon which the claim of title is founded. The facts pleaded are, in substance, as follows:

On the 21st day of February, 1856, the real estate in dispute was owned by Calvin S. Dorwin, who died intestate, leaving as his heirs his widow, Jane E. Dorwin, and his children, Cornelius, Hannah, Mary, Milton and Ella; Milton and Ella died unmarried and childless. On the 27th day of March, 1856, the widow, Jane E. Dorwin, filed a petition in the court of common pleas of Adams county, praying an order of partition, and a judgment was entered decreeing that the land was not susceptible of division, and directing its

sale.   A commissioner was appointed by the court to make the sale and he did sell the land in accordance with the judgment of the court.   At the time the land was purchased by Calvin S. Dorwin, there was a mortgage on it for $100, which Dorwin had assumed to pay.   The real estate was bought by the widow, Jane E. Dorwin; she paid no money, but assumed the mortgage lien, and in payment of the purchase-money receipted for her distributive share of her deceased husband's estate.   On the 16th day of June, 1859, she married James Spencer, and in October, 1861, she and her husband, James Spencer, conveyed the real estate to William D. Frazee, and Frazee and wife conveyed the land to James Spencer, but no consideration was paid to Jane E. Spencer for the land, except the agreement of her husband to pay the mortgage debt. This agreement was not performed, and the debt was subsequently paid by Jane E. Spencer.   A child was the fruit of the marriage of James Spencer and Jane E. Dorwin, and it was living at the time of the former's death, in November, 1862.   In January, 1863, the court of common pleas ordered that all of the real and personal estate of which James Spencer died the owner should be delivered to his widow.   The widow, Jane E. Spencer, paid the costs of appraising the intestate's property, the expenses of the last sickness and of the funeral, and maintained the child of her marriage with James Spencer until it died at the age of nine years.   The money thus expended by the widow exceeded the value of the property turned over to her.   In September, 1864, Jane E. Spencer became the wife of Alfred Hill, and so continued until her death, in January, 1876.   She died intestate, leaving as her heirs her husband, Alfred Hill, and her children, by her first marriage, Cornelius, Hannah and Mary.   Hannah purchased the interest of Alfred Hill and of her brother and sisters.   The cross complainant purchased the land from Hannah Dorwin, entered into possession and made lasting and valuable improvements.

Where a plaintiff undertakes to set forth the facts which

constitute his title, he will fail unless the facts are sufficient to clothe him with the title asserted, and it is the facts specifically pleaded which will control, and not the general averments of the pleading. *Reynolds* v. *Copeland,* 71 Ind. 422; *State* v. *Wenzel,* 77 Ind. 428; *Ragsdale* v. *Mitchell,* 97 Ind. 458; *Indianapolis, etc., R. W. Co.* v. *Johnson,* 102 Ind. 352, see p. 354; *Louisville, etc., R. W. Co.* v. *Payne,* 103 Ind. 183; *Louisville, etc., R. W. Co.* v. *Schmidt,* 106 Ind. 73.

A cross complaint or counter-claim is to be tested by substantially the same rules as a complaint. *Wadkins* v. *Hill,* 106 Ind. 543; *Conger* v. *Miller,* 104 Ind. 592.

A question of title may be presented in an action for partition, and that is what the cross complaint here attempts to do. Ordinarily, an action for partition does not present for adjudication the question of title, but the pleadings may be so framed as to present that question, and that is the question which the pleading before us attempts to present. *Thorp* v. *Hanes, ante,* p. 324, and cases cited; *Kreitline* v. *Franz,* 106 Ind. 359; *Gullett* v. *Miller,* 106 Ind. 75; *Cooter* v. *Baston,* 89 Ind. 185.

A pleading must be good upon the theory on which it is constructed, or it will fall before a demurrer. *Mescall* v. *Tully,* 91 Ind. 96; *Chicago, etc., R. R. Co.* v. *Bills,* 104 Ind. 13, and cases cited; *Wadkins* v. *Hill, supra.*

The question, therefore, is this: Do the facts specifically stated in the appellee's cross complaint show title in him?

James Spencer, according to the allegations of the cross complaint, became the owner of the property in controversy by the conveyance made to him by William D. Frazee. His wife, the widow of Calvin S. Dorwin, was the owner of the property by purchase made of the commissioner appointed by the court in the partition proceedings commenced in March, 1856. She is not, therefore, claiming title through her first husband. We do not think that the case rests upon the authority of *Nesbitt* v. *Trindle,* 64 Ind. 183, for two reasons: First. In this case the conveyance by the wife was

not made until after her second marriage. Second. The wife here owned the property by virtue of a purchase at a commissioner's sale, and not by descent from her deceased husband. The rule declared in *McMakin* v. *Michaels*, 23 Ind. 462, does, however, govern the case, for it was there held, that "Where a widow purchased land of which her husband died seized at a commissioner's sale, under proceedings instituted for partition, she stands in the same condition with respect to the sale as a stranger, and takes the land by purchase, not by descent." No reason can be conceived which impeaches the soundness of this decision. It must surely be the law that a party may purchase at a sale made under a decree in a partition suit, and that he acquires the title of the parties sold under such decree. Freeman Coten. and Par., section 548. It results, therefore, that Mrs. Spencer acquired title as a purchaser at the partition sale, and as she conveyed the land to her husband's grantor he acquired, through the conveyance to him, the title derived by his wife from the commissioner. As he held this title at his death his heirs were entitled to the land, and not the heirs of Calvin S. Dorwin, the original owner of the land and the first husband of Jane E. Spencer. If Mrs. Spencer did not take by descent from her first husband, but did take as a purchaser, then the heirs of the first husband can not exclude the heirs of the second husband who was the remote grantor of his wife. It is not enough, therefore, to make out a title to the whole of the property to aver that the appellee's grantors were the children of Calvin S. Dorwin, for, at the time of their mother's second marriage, she held the land as a purchaser, and not in virtue of her first marriage.

If, as is the fact, Mrs. Spencer acquired the land by purchase, she had a right to do what she chose with it, and as she conveyed to Frazee, who afterwards conveyed to her second husband, he took a valid title. It does not matter that the second husband paid no consideration for the conveyance to him, for it is well settled that a voluntary conveyance is

good against a grantor and his heirs. It is, therefore, very clear that it would not affect the rights of the heirs of the second husband, even if we should regard the conveyance to him and his grantor as a voluntary one.

Considered without reference to the allegations respecting the delivery of the intestate's property to his widow, the cross-complaint does not state facts showing such a title as that asserted by the cross complainant. It is true that the children of Mrs. Spencer by her first husband have an undivided estate in the land as her heirs and as the heirs of her child by Spencer, but that is not the title asserted. The theory of the cross complaint can not be considered as sustained by the specific facts pleaded, unless the order of the court subsequent to the death of Spencer can be held to vest the entire title in Mrs. Spencer, for the title asserted is very different from the one that would accrue to the appellee's grantors as the heirs of their father. Regarded as a complaint to settle title in the cross complainant, we think the sufficiency of the pleading must depend entirely upon the effect of the order made subsequent to the death of the second husband. In saying this we are not unmindful of the fact that the appellee claims an equitable lien because his grantor paid off a mortgage lien. If the cross complaint had properly declared on or set out the mortgage, then we should be inclined to hold that the cross complaint entitled the appellee to some relief, irrespective of the other question presented; but, as no case is properly made for the enforcement of the lien, we think the pleading can not be upheld as a complaint to foreclose or enforce a lien. *Wadkins* v. *Hill, supra.* Where a pleading is founded on a written instrument, it must be set out, or made an exhibit, and so far as the appellee's cross complaint counts on a lien, the rights of the appellee are simply those of an equitable assignee of a mortgage.

We come now to the question as to the effect of the order vesting all of James Spencer's estate in his widow. The appellants rely on this statute: " If a husband die, testate or

intestate, leaving a widow, and if the entire estate, real and personal, do not exceed three hundred dollars, it shall go without administration to the widow, free from all demands of creditors, in trust for herself and the infant children of the deceased, while they remain infants or unmarried, with remainder over to the widow, and if there shall be no such children, she shall take the whole : *Provided,* That if the widow shall marry while any of such children remain infants and unmarried, the husband shall, within ten days after such marriage, execute his bond, payable to the State of Indiana, in a sufficient penalty, and with security to the approval of the clerk of the proper court of common pleas, conditioned for the true and faithful application of such property, or so much thereof as the widow may have at the time of the marriage, to the benefit of such children, and in default thereof, the title to such property shall vest absolutely in such children." 1 R. S. 1876, p. 411, section 19.

It is conceded by appellee's counsel that this statute was in force in January, 1863, and acting upon this assumption and assuming, without deciding, that the statute was then in force, we will dispose of the question as it is presented to us. It is said by the appellants' counsel, that " Appellants' contention is, that by reason of Hill's failure to comply with the statute, the entire property taken by Mrs. Spencer by virtue of this statute, vested according to the terms of the law in the minor children of James Spencer, then living." In opposition to this contention, appellee's counsel say: " We insist that this order giving the property absolutely to the widow, and not to her in trust for the minor child, is an adjudication of the title. That the order of the court was erroneous we do not question. That it was void we deny."

We think the principle contended for by the appellee is a sound one, for we understand the general rule to be that where a court has general jurisdiction of a subject, its orders and judgments are not void, although they may be erroneous. Where there is an assumption of jurisdiction in a matter

where there is general jurisdiction of the subject, the presumption is in favor of the authority of the court. *Jackson* v. *State, etc.*, 104 Ind. 516, and cases cited; *Pickering* v. *State, etc.*, 106 Ind. 228; *Updegraff* v. *Palmer, ante,* p. 181. The authority to decide at all involves the authority to decide wrong as well as right. *Snelson* v. *State, ex rel.*, 16 Ind. 29; *Lantz* v. *Maffett*, 102 Ind. 23; *Quarl* v. *Abbett*, 102 Ind. 233, see p. 239 (52 Am. R. 662); *Smurr* v. *State,* 105 Ind. 125, see p. 127. We think that the court of common pleas had general jurisdiction over the subject, and that its judgment, although erroneous, was not void. If we are correct in this, it results that the judgment, although palpably erroneous, can not be collaterally impeached.

What we have said disposes of all the questions in the case, and we deem it unnecessary to examine the other rulings in detail.

Judgment affirmed.

Filed Sept. 21, 1886.