## NICHOLS & SHEPARD COMPANY *v*. BERNING ET AL.

### [No. 5,529.   Filed January 11, 1906.]

1.   APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—Where appellant sets out in his brief a questioned second paragraph of answer and then the opening and closing statements of a questioned cross-complaint with the statement that the body thereof is the same as the answer set out, the Appellate Court rule, requiring appellant to set out in terms or substance the pleadings questioned, is sufficiently complied with.   p. 113.

2.   PLEADING.—*Complaint.—Exhibits.—References to, in Answer.—Sufficiency.*—Where the complaint sets out the contract sued on as an exhibit, it is not necessary to set out same in the answer or cross-complaint, an inclusion thereof by reference being sufficient.   p. 113.

3.   REFORMATION OF INSTRUMENTS.—*Demand.—Cross-Complaint.*—Where plaintiff has brought an action on an alleged contract with defendant, it is not necessary for defendant to make a demand for reformation before asking for same in a cross-complaint.   p. 114.

4.   CONTRACTS. — *Execution.—Negligence.—Fraud.—Reformation.*—Where defendant, a German, unable to read or write the English language, orally agreed with plaintiff's agents upon the limits of his liability, but plaintiff's agents, one of whom was defendant's cousin in whom defendant placed reliance to see that the contract as written expressed the agreed terms, wrote the contract essentially different, thus making defendant liable without limitations, and defendant executed same thinking, and being assured, by such agents, that the written contract embodied the oral terms, he is not guilty of negligence, no outside parties being involved.   p. 114.

5.   PLEADING. — *Cross-Complaint. — Negativing. — Acceptance of Order.*—Where plaintiff's complaint on a contract does not allege that an acceptance of defendant's order for goods was sent to and received by defendant, it is not necessary for defendant in his cross-complaint for reformation to negative the receipt of such acceptance of his order.   p. 116.

6.   SAME. — *Cross-Complaint. — Reformation. — Indefiniteness. — Motion to Make Specific.*—Where a cross-complaint for reformation does not definitely set out the mistake complained of, a motion to make specific, and not a demurrer for want of facts, is the proper remedy.   p. 116.

Nichols & Shepard Co. *v.* Berning—37 Ind. App. 109.

7. APPEAL AND ERROR. — *Weighing Evidence.* — The Appellate Court will not disturb a decision of the trial court resting on conflicting oral evidence.   p. 116.

8. EVIDENCE.—*Contracts.—Oral Negotiations.*—In an action on a written contract wherein defendant, by a cross-complaint, seeks a reformation thereof, evidence of the oral negotiations leading up to the execution of such written contract is admissible, not to contradict such written contract, but to show what the contract really was.   p. 117.

9. PRINCIPAL AND AGENT.—*Delegation of Authority.—Assistants.* —Where plaintiff's agent employed another person to assist in making a sale and the sale so made was accepted by such agent and afterwards ratified by the plaintiff, the question of delegation of authority to such assistant is superfluous.   p. 118.

10. JUDGMENT.—*Motion to Modify.*—Where the finding is general and the judgment follows in accordance therewith, a motion to modify same, setting out as grounds therefor the insufficiency of the evidence to support same and the insufficiency of the cross-complaint as a basis for relief, is properly overruled. p. 118.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Action by the Nichols & Shepard Company against Henry Berning and another.   From a judgment for defendant Berning on his cross-complaint, plaintiff appeals. *Affirmed.*

*Breen & Morris,* for appellant.

*W. G. Colerick, K. C. Larwill* and *Guy Colerick,* for appellees.

ROBINSON, J.—Action by appellant for damages for an alleged breach of a contract for the purchase by appellees of certain personal property.   Appellee Springer was defaulted · and judgment rendered against him.   Appellee Berning answered in two paragraphs and filed a cross-complaint.   A trial resulted in a judgment in Berning's favor on his cross-complaint.   The sufficiency of the second paragraph of answer and the cross-complaint, and overruling the motions to modify the judgment and for a new trial are presented for review.

The contract, for breach of which the action is brought,

consists of a written order executed by appellees directing appellant to ship to appellees certain machinery which was to be paid for in a manner specified, and the subsequent acceptance of the order by appellant.

The second paragraph of appellee Berning's answer is in substance the same as his cross-complaint upon which the judgment in his favor is based. In the cross-complaint it is averred in substance that "prior to the making of the written agreement set forth in the complaint in said action, and to which reference is hereby made as a part hereof," appellee Berning, at the solicitation of appellee Springer, agreed to become his surety on one of the three notes mentioned in the agreement, the same being the first to mature, and refused to become in any manner involved in the purchase of the machinery or to create any liability in such purchase except to the extent above stated, and so advised Springer, who consented thereto, which fact was communicated to appellant's agents who prepared the agreement and who were about to sell the machinery to Springer; that the agreement was prepared by one of appellant's agents, who prior thereto and at the time was advised and notified by another agent, who had sold the machinery to appellee Springer and had made with him the oral agreement relative to such sale, that appellee Berning had merely agreed to become surety on the first note, and, when such statement was so made, the agent preparing the agreement suspended the preparation of the same momentarily for the purpose of inducing Berning to become surety on the last of the three notes instead of the first, but he refused so to do, and again asserted that he would only become liable on account of the sale of the machinery to Springer to the extent of the amount of the first note, and to which the agent so preparing the agreement said "All right," or words to that effect, and then completed the agreement; and after it was completed Springer signed it, and thereupon Berning signed it, supposing and believing at the time

that by and under its provisions his liability had been so limited; that he was not interested in the purchase of the machinery, and for that reason was not interested in the agreement, and gave no attention to the reading of the same, if it was read prior to the signing of his name; that, if he had known that by the agreement it was intended to extend his liability beyond the sum so limited, he would not have signed the same; that Berning is a German, and was and is unable to write or read the English language, and is barely able to write his name in English; that by and through the fraud, inadvertence or mistake of the scrivener who prepared the agreement he failed and neglected to insert therein a provision limiting Berning's liability to the note which he was to have executed; that the agent who made the oral agreement with appellee Springer for the sale of the machinery was Berning's cousin, in whom Berning reposed trust and confidence, which fact the agent then well knew, and believed that he would not permit cross-complainant to be wronged in the execution of the agreement, especially as such agent, who was present when the agreement was prepared and executed, knew of Berning's inability to read or write the English language, and that Berning depended and relied on him so to protect him; that he has always been and is ready and willing to execute the note, but none has been presented to him, and he is informed that appellee Springer will not receive the machinery; that "by reason of the facts above set forth he says that said agreement, so prepared by said agent and signed by this cross-complainant, being the agreement set forth in the complaint in this action, as written, is not his agreement, and that he did not execute the same as written, and that the same should be modified so as to conform with his oral agreement as above set forth, by inserting therein a provision limiting his liability to that of surety on the first of said three notes maturing."

Appellees' counsel insist that the sufficiency of the cross-complaint is not presented, because of appellant's failure, in the brief, to recite the material and essential

1. averments of the cross-complaint. The brief sets out very fully the second paragraph of Berning's answer. It also contains a copy of the opening statement of the cross-complaint, says that the averments of the cross-complaint following, this opening statement are identical with the allegations of the second paragraph of answer, and then gives the concluding averments of the cross-complaint. This is a sufficient compliance with the rule. To say that the averments of a pleading are identical with those contained in another pleading is the statement of a fact, not a conclusion. If the averments of one pleading are identical with those of another, the averments of the two pleadings are exactly the same.

It is provided by statute (§365 Burns 1901, §362 R. S. 1881) that when any pleading is founded on a written instrument the original or a copy must be filed with

2. the pleading, and the rule is well settled that the failure to file such exhibit renders the pleading bad against a demurrer. But it is also well settled that if a defense or cross-action arises out of the instrument sued upon, a copy of which is already before the court, it is unnecessary to file with the answer or cross-complaint a copy of the instrument, but is sufficient to refer to the exhibit already on file. *Frankel* v. *Michigan Mut. Life Ins. Co.* (1902), 158 Ind. 304; *Wadkins* v. *Hill* (1886), 106 Ind. 543; *Grubbs* v. *Morris* (1885), 103 Ind. 166; *Gardner* v. *Fisher* (1882), 87 Ind. 369; *Sidener* v. *Davis* (1879), 69 Ind. 336; *Pattison* v. *Vaughan* (1872), 40 Ind. 253; *Germania Fire Ins. Co.* v. *Dechard* (1892), 3 Ind. App. 361. The cross-complaint makes a sufficient reference to the agreement set forth in the complaint to make it a part of the cross-complaint. The agreement consisted of two parts—the proposition of the purchaser to buy, and its

subsequent acceptance by the seller. It took both to make the contract, and while the cross-complaint uses language in certain parts to indicate that the pleader had in mind the written proposition only, yet, when the pleading is taken as a whole, it may be said that it fairly shows that the agreement or contract set out in the complaint is made a part of the cross-complaint by reference.

Appellee Berning was not required to demand a reformation of the agreement before filing the cross-complaint. If Berning were the moving party, and the only relief sought was the reformation of the written agreement, a previous demand would be essential, but even in that case no prior demand would be necessary, if, in addition to the reformation, a recovery was demanded. *Earl* v. *Van Natta* (1902), 29 Ind. App. 532; *Lucas* v. *Labertue* (1882), 88 Ind. 277; *Axtel* v. *Chase* (1882), 83 Ind. 546; *Sparta School Tp.* v. *Mendell* (1894), 138 Ind. 188; *Walls* v. *State, ex rel.* (1895), 140 Ind. 16; *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322. However, he was brought into court by appellant to litigate the matters in controversy, and was under no obligation to make any demand except by his pleadings in court. *Harshman* v. *Mitchell* (1889), 117 Ind. 312; *Stix* v. *Sadler* (1887), 109 Ind. 254.

It is further argued against the cross-complaint that the pleading shows appellee Berning is not entitled to relief because of his negligence in not having the contract read over to him or in not paying attention to it while being read. The reformation asked is because of mistake or fraud. The rights alone of the parties to the alleged contract are involved in this action. The rights of third persons are in noway involved. The pleading shows that Berning was unable to write or read the English language, which fact was known to one of appellant's agents who was present at the time the agreement was made, and who was a cousin of appellee Berning, and in

whom he reposed trust and confidence, which the agent knew, and that Berning believed such agent would not permit him to be wronged in the execution of the agreement especially as the agent knew of Berning's inability to read or write the English language. It is further shown that appellee Berning was not interested in the purchase of the machinery, and for that reason was not interested in the agreement, and gave no attention to the reading of the same, if it was read prior to the signing thereof; that he had stated to what extent only he would become liable, and that he believed at the time that under the provisions of the agreement his liability had been so limited; and that by and through the fraud, inadvertence or mistake of the scrivener who prepared the agreement, who was an agent of appellant, he failed to insert therein a provision limiting the liability of appellee Berning to the note which he was to have executed.

The agreement had not been previously prepared, but was prepared at the time and in the presence of appellee Berning, and during its preparation facts are averred to show that the limitation of his liability was agreed upon, and that then the preparation of the agreement was completed. The person who was writing the agreement was one of the contracting parties. He was directed at the time by appellee Berning to limit Berning's liability on account of the sale of the machinery to appellee Springer to the extent of the amount of the first note, and agreed to do so, and then completed the preparation of the agreement, but omitted so to limit appellee Berning's liability. Under such circumstances we can see no sufficient reason to hold that Berning was negligent in not having the agreement read to him after the agent completed its preparation.

It was not necessary that appellee Berning should negative the receipt by him of appellant's written acceptance

of his order, from which he would have learned that appellant regarded him as a joint purchaser with appellee Springer. There are no facts averred in the pleadings from which it must necessarily be presumed that a written acceptance of the order was sent to and received by appellee Berning.

It is further argued that the mistake in the contract is not clearly and definitely pointed out. This objection to the sufficiency of the pleading as against the demurrer is not tenable. If the pleading is defective in this respect the defect would be reached by a motion to make more specific, and not by demurrer. We have already set out the material averments of the cross-complaint. It shows the oral agreement of the parties, that the written agreement was to correspond with this oral agreement, that the agreement as written is not appellee Berning's agreement, that he did not execute the agreement as written, and then states the modification desired. There was no error in overruling the demurrer to the cross-complaint.

Counsel have discussed at some length the sufficiency of the evidence to sustain the finding in Berning's favor. But there is evidence to authorize the conclusion reached. It is unnecessary to set out the evidence upon the matters about which there was a dispute, as we can not disturb the conclusion reached without weighing the evidence, and this we can not do. Nearly all the evidence introduced was oral. The following language of the Supreme Court in *Hudelson* v. *Hudelson* (1905), 164 Ind. 694, is applicable, and is controlling here: "If we were to attempt to perform the task which appellants' counsel ask us to undertake in pursuance of the provisions of the act of 1903, we would in reality perform the identical duty which the trial court discharged in passing upon the motion for a new trial. We can not weigh and deter-

mine the preponderance of conflicting oral evidence, for often-stated and obvious reasons.   \*   \*   \*   The decision of the trial court upon the motion for a new trial will be disturbed only when the evidence upon the controlling issue is documentary, by deposition, or otherwise of such a clear and conclusive character as to enable and to warrant this court to say, as a matter of law, that such decision is erroneous." See *Parkison* v. *Thompson* (1905), 164 Ind. 609; *United States, etc., Paper Co.* v. *Moore* (1905), 35 Ind. App. 684. See, also, *Ray* v. *Baker* (1905), 165 Ind. 74.

§. Evidence was properly admitted to show the negotiations between the parties leading to the execution of the contract, not for the purpose necessarily of contradicting the written contract, but for the purpose of showing in fact what was the contract, which, through mistake or fraud, was not reduced to writing. If the agent, in preparing the alleged written agreement, purposely omitted some of its terms which the parties at the time agreed it should contain, and such omission was not known to appellee Berning, such act of the agent was a fraud upon Berning. If the contract as reduced to writing does not, through mutual mistake or fraud, correctly express the agreement of the parties, it is not the contract of the parties. The agent knew appellee Berning was relying upon him to put their agreement in writing, and there is evidence that all the parties present representing appellant knew what the agreement was and the extent to which Berning was to become liable. Reformation of the written agreement is sought upon the ground that it omits a provision the parties agreed upon. There is evidence that it was agreed that this agreement should contain a provision limiting the liabilty of Berning to the extent of the amount of the first of the notes to be given for the purchase price of the property. Appellee Berning

does not deny that he made a contract, but he is asking that the written instrument be reformed so as to express the contract that he made. A careful consideration of all the evidence leads to the conclusion that there is evidence authorizing the trial court to grant him the relief asked. See *Citizens Nat. Bank* v. *Judy, supra; Givan* v. *Masterson* (1899) 152 Ind. 127; *Keller* v. *Equitable Fire Ins. Co.* (1867), 28 Ind. 170; *Earl* v. *Van Natta, supra; Prescott* v. *Hixon* (1899), 22 Ind. App. 139, 72 Am. St. 291; *Morris* v. *Stern* (1881), 80 Ind. 227.

The evidence shows that one Parham was appellant's agent, and that he employed Westenfeld to assist him in making a sale of the machinery. Westenfeld prepared the contract as it was written, and which appellee Berning signed. It is argued that the evidence fails to show that Parham was authorized to delegate his authority to others. If Parham employed Westenfeld to do certain acts in making a sale of the machinery, and such acts were within the scope of Parham's agency, and Parham accepted and acted upon them as done, there was no delegation of authority as agent, but the acts of Westenfeld became the acts of Parham the same as if done by Parham himself. However, it is unnecessary to inquire into the authority of Parham in this respect, for the reason that appellant afterward undertook to perform this alleged contract by offering to deliver the machinery so sold by virtue of the contract. The act done by Parham through Westenfeld was ratified by appellant.

The court rendered judgment against appellee Springer for $173.05, and decreed that the contract be reformed, that Berning signed the contract for the purpose of becoming surety on the first of three notes only, as the appellant well knew, which notes were to be executed as part of the purchase price of the article sold to Springer, and that Berning recover costs. Appellant

moved to modify the judgment by striking out that portion reforming the contract and giving Berning a judgment for costs, and substituting in lieu thereof a judgment in favor of appellant against Berning for $173.05 on the following grounds: (1) Because the judgment in favor of Berning is contrary to the evidence; (2) the judgment is not sustained by sufficient evidence; (3) that such judgment is not sustained by sufficient evidence, whereas upon the evidence the plaintiff is entitled to a judgment in its favor against Berning for $173.05; (4) because Berning's cross-complaint does not state facts sufficient to constitute a cause of action against appellant in his favor and to warrant the judgment rendered in his behalf.

There was a general finding, and the judgment follows the finding in every respect. The motion to modify does not ask to correct in any way the form or substance of the judgment by eliminating any part of it, or in any way correcting it, but is based upon grounds that go to the sufficiency of the evidence to give appellee Berning any judgment, and the sufficiency of Berning's cross-complaint to give him any relief. If the judgment is wrong, it is because the finding of the court is wrong. Upon the finding the judgment is right both in form and substance. As the motion to modify does not state any grounds upon which to base a modification, it was properly overruled.

Some questions reserved upon the admission of evidence have not been argued by counsel, but an examination of these questions does not disclose any reversible error against appellant. From the whole record it appears that the case was fairly tried, and a correct conclusion was reached upon the merits.

Judgment affirmed.